D.S.A., INC., Petitioner,

v.

**HILLSBORO INDEPENDENT SCHOOL
DISTRICT, Respondent.**

No. 97–0631.

Supreme Court of Texas.

Aug. 25, 1998.

Sidney H. Davis, Jr., Gregory R. Ave, Dallas, for Petitioner.

Patricia Hair, Kathleen Hopkins Alsina, Houston, for Respondent.

PER CURIAM.

Our Per Curiam opinion of May 8, 1998 is withdrawn, and the following is substituted in its place.

The principal issue in this case is whether a party may recover benefit-of-the-bargain and punitive damages for negligent and grossly negligent misrepresentations made by the other party in pre-contractual negotiations. We conclude that such damages may not be recovered under either theory, and we reverse the judgment of the court of appeals.

This suit arises out of an elementary school construction project overseen by D.S.A., Inc. ("DSA"), a construction management firm, for the Hillsboro Independent School District ("HISD"). The school building, completed and occupied in the fall of 1987, suffered several severe defects. The roof was unable to withstand winds common to Hill County and was plagued with numerous leaks. Poor water drainage of the ground beneath and around the school caused the soil in the crawlspace to expand and buckle the sewage lines suspended beneath the floor joists. After HISD spent an additional $220,244.33 to repair these defects, it sued DSA for breach of contract, negligent and gross negligent misrepresentation, and DTPA violations in connection with DSA's contract to manage the construction of an elementary school.

The jury returned findings against DSA on three theories of recovery—breach of contract, negligent misrepresentation, and DTPA—and awarded HISD $220,661 in actual and $170,000 in exemplary damages plus attorneys' fees. The trial court rendered judgment on HISD's DTPA cause of action.

The court of appeals disposed of HISD's DTPA claims as barred by the statute of limitations. It held that DSA breached its supervisory duties under the contract, fulfillment of which might have protected HISD from defects and deficiencies in the roof and crawlspace of the building. It also held that during pre-contractual negotiations, DSA negligently misrepresented the functions it would perform and that it was grossly negligent in doing so. The court of appeals reduced actual damages by $416.67 but otherwise affirmed, based on HISD's grossly negligent misrepresentation claim.

On appeal, DSA argues that HISD's negligent misrepresentation claim sounds only in contract. The damages the jury awarded for negligent misrepresentation were identical to the damages it awarded for breach of contract, and HISD did not offer proof of any economic injury independent of contract damages. In response, HISD urges that being induced into the contract was itself an independent injury. Citing our opinion in *Formosa Plastics Corp. v. Presidio Engineers*, 960 S.W.2d 41, 46–47 (Tex.1998), HISD further argues that it could recover in tort for losses related to the subject matter of the contract because DSA had a legal duty, independent from its contractual duties, not to make misrepresentations to induce HISD into the contract.

 Without deciding whether HISD breached a *legal* duty independent of its *contractual* duties, we conclude that HISD's negligent misrepresentation claim must fail for lack of any independent *injury*. The *Formosa* opinion's rejection of the independent injury requirement in fraudulent inducement claims does not extend to claims for negligent misrepresentation or negligent inducement. Unlike fraudulent inducement, the benefit of the bargain measure of damages is not available for a claim of negligent misrepresentation. In *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442–43 (Tex. 1991), we adopted the independent injury requirement of section 552B of the Restatement (Second) of Torts:

(1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is legal cause, including:

(a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and

(b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

(2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.

RESTATEMENT (SECOND) OF TORTS § 552B (1977). The rationale for fixing a narrower scope of liability for negligent misrepresentation than for fraudulent inducement "is to be found in the difference between the obligations of honesty and of care." *Id.* § 552 cmt. a. Negligent misrepresentation implicates only the duty of *care* in supplying commercial information; honesty or good faith is no defense, as it is to a claim for fraudulent misrepresentation. Repudiating the independent injury requirement for negligent misrepresentation claims would potentially convert every contract interpretation dispute into a negligent misrepresentation claim.

HISD did not meet its burden of proving the independent injury required under section 552 of the Restatement. HISD's theory of recovery and charge to the jury did not attempt any distinction between its out-of-pocket damages and the benefit of the bargain. See *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817 (Tex.1997) (defining the out-of-pocket and benefit-of-the-bargain measures of recovery). Instead, by seeking recovery for its costs to replace the roof, repair the plumbing, and re-grade the parking lots, HISD in essence asked for the benefit of its bargain—in this case, the reasonable costs needed to bring the school up to the "bargained-for" standard. Consequently, HISD is not entitled to any recovery under the theory of negligent misrepresentation.

■ We also reject HISD's award of exemplary damages under its theory of gross negligence, whether evaluated as gross negligence in the breach of contract or gross negligence in the inducement of contract. We have already held that "[g]ross negligence in the breach of contract will not entitle an injured party to exemplary damages because even an intentional breach will not." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986). Neither HISD nor the court of appeals cites any Texas case recognizing a claim for gross negligence in the inducement of contract. Given the availability of a cause of action for fraudulent inducement, we fail to perceive any rationale for acknowledging a claim for grossly negligent inducement.

■ Moreover, the court of appeals erroneously sustained HISD's gross negligence recovery on the theory that DSA, by inducing HISD to build a school without adequate supervision, imposed an extreme risk of harm on third parties—the children who eventually occupied the building. A party may recover for negligent misrepresentations involving a risk of physical harm only if actual physical harm results. See RESTATEMENT (SECOND) OF TORTS § 311 (1965). As there is no evidence that any children were *actually* harmed or that any of the other hypothetical dangers the court of appeals cited actually materialized, HISD is not entitled to exemplary damages.

DSA also asserts as error the trial court's refusal to submit a comparative negligence question to the jury; the award of both punitive damages and attorneys' fees to HISD after recovery under the DTPA claim was barred; and the award of damages (on HISD's negligent inducement claim) for the defective grading of the parking lots even though the court of appeals held that DSA did not breach its contract in constructing the parking lot. These alleged errors are resolved by our holding that there was no evidence supporting HISD's recovery on its claim for negligent inducement.

DSA further asserts that there was no evidence that it breached its contract with respect to the roofing or foundation defects. We conclude that there was legally sufficient evidence that DSA neglected its contractual obligation to "endeavor to protect Owner against defects and deficiencies in the work."

Because there was no evidence to support HISD's recovery on its negligent inducement and gross negligence causes of action, the court of appeals erred in affirming recovery on those grounds. We conclude that the remaining issues raised by DSA are either

resolved by our disposition of HISD's negligent inducement and gross negligence claims or are without merit. Accordingly, this Court grants DSA's application for writ of error, and under Texas Rule of Appellate Procedure 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court to recalculate damages on HISD's contract cause of action.