KAJIMA INTERNATIONAL,
INC., Appellant,

v.

FORMOSA PLASTICS CORPORA-
TION, USA, and Formosa Plastics
Corporation, Texas, Appellees.

No. 13–98–266–CV.

Court of Appeals of Texas,
Corpus Christi.

March 23, 2000.

Neil Kenton Alexander, Porter & Hedges, L.L.P., Houston, Steve Q. McManus, McManus & Crane, Victoria, Todd A. Hunter, Hunter & Handel, Corpus Christi, John N. McCamish, Jr., McCamish & Martin, San Antonio, Donald R. Uher, Bay City, for appellees.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ

## O P I N I O N

Opinion by Justice RODRIGUEZ.

Kajima International, Inc. (Kajima) sued Formosa Plastics Corporation, USA and Formosa Plastics Corporation, Texas (Formosa) for fraud, breach of contract, quantum meruit, and negligent misrepresentation arising from work performed by Kajima at Formosa's expansion plant in Point Comfort, Texas. In a bifurcated trial, a jury found Kajima entered into one of five contracts with Formosa as a result of fraud by Formosa and, using two methods of calculation, awarded damages to Kajima in the amounts of $2,157,293 and $1,900,000. The jury found no material breach of any of the five contracts, but awarded Kajima $3,700,000 for quantum meruit. The jury further awarded Kajima $4,675,000 in attorneys' fees and $1,540,-000 in exemplary damages.

The trial court ordered certain jury answers disregarded, including: the $1,900,-000 fraud recovery, the $3,700,000 in quantum meruit damages, the award of $4,675,000 in attorneys' fees, and questions eleven, twelve, and thirteen,[1] which the jury did not answer. The court also included an award of $525,776 as unpaid retainage on three contracts. The resulting judgment totaled $5,591,066.65, including prejudgment interest. Kajima filed a motion for mistrial, which the trial court denied, and a motion for new trial, which was overruled by operation of law. On

Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, Steven John Lownds, Quilling, Selander, Cummiskey, Clutts & Lownds, Dallas, John Griffin, Jr., Houston Marek & Griffin, Victoria, Emmett Cole, Jr., Cole, McManus, Cole & Easley, Victoria, for appellant.

---

1. These questions addressed an alleged fraudulent misrepresentation made by Formosa that Kajima would be paid for bid omissions.

appeal, Kajima raises nine issues. We reverse and remand.

Kajima, an industrial construction company, submitted several bids for work on Formosa's expansion plant project located in Point Comfort, Texas. Formosa awarded Kajima five contracts, some involving piping work in the olefins area and others involving piping and equipment setting work in the polypropylene plant. Each contract specified a schedule of performance. The general terms and conditions common to all contracts permitted Kajima to work overtime only if Kajima or its subcontractors delayed the work, and provided no additional compensation for such work.

Performance took much longer than provided for in the contracts, causing Kajima's costs to exceed the contract amount paid by Formosa. Kajima asserts it was required to spend this money as a result of delays caused by Formosa. In addition, Kajima asserts Formosa fraudulently induced it to enter into the contracts and make artificially low bids on the contracts by withholding information relating to the design and drawings of the polypropylene plant. Kajima further asserts Formosa provided Kajima with a false schedule concerning the olefins plant which failed to reveal that multiple contractors would be working in the same location at the same time doing incompatible work. Moreover, according to Kajima, Formosa engaged in a "string along" fraud scheme in which Formosa made repeated false promises to compensate Kajima for delays, disruptions, bid omissions, and additional costs in order to keep Kajima working.

Formosa counters that Kajima spent in excess of the contract prices because of Kajima's own bidding and contract administration mistakes. Formosa asserts the drawings were adequate for building and bidding, and when problems arose, Kajima was paid pursuant to the contract. Formosa further contends that Kajima knew other contractors would be working within its area, and that any conflict in scheduling was the result of Kajima's own mismanagement.

■ By its first issue, Kajima complains the trial court erroneously refused to submit a broad form fraud question. Kajima's proposed jury question broadly asked whether Formosa committed fraud against Kajima; however, the trial court limited the fraud question to whether Kajima *entered into the contracts* as a result of fraud by Formosa. By limiting the jury's consideration to fraud in the inducement of the five written contracts, Kajima contends the trial court precluded the jury from considering Formosa's acts of fraud to "string along" Kajima after the work was under way. As articulated by Kajima, "[it] was deprived of any submission to the jury concerning Formosa's fraudulent inducement of conduct that was not contractually required and that occurred subsequent to the execution of the original contracts."

■ The standard of review for an alleged error in the jury charge is abuse of discretion. *See Texas Dept. of Human Serv. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). An abuse of discretion occurs when the trial court acts without reference to any guiding principle. *See id.; Dico Tire, Inc. v. Cisneros*, 953 S.W.2d 776, 797 (Tex. App.—Corpus Christi 1997, writ denied). A trial court must submit all questions raised by the pleadings and evidence in its charge to the jury. *See* TEX.R. CIV. P. 278; *Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 663 (Tex.1999). When feasible, jury questions should be in broad form, accompanied by appropriate instructions and definitions. *See Hyundai*, 995 S.W.2d at 663–64. To determine whether an alleged error in the jury charge is reversible, we consider the pleadings, the evidence presented at trial, and the charge in its entirety. *See Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986). Error in the charge is reversible only if harmful, that is, if it caused or was reasonably calculated to cause, and proba-

bly did cause, the rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a)(1).

■ The elements of fraud are: (1) a material misrepresentation was made; (2) it was false; (3) when the representation was made, the speaker knew it was false or the statement was recklessly asserted without any knowledge of its truth; (4) the speaker made the false representation with the intent that it be acted on by the other party; (5) the other party acted in reliance on the misrepresentation; and (6) the party suffered injury as a result. *See DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 688 (Tex.1990).

■ In the present case, Kajima pleaded that "Formosa withheld material information from Kajima and engaged in improper conduct with regard to Kajima both before and after submission of bids and execution of the Contracts." Kajima further pleaded that Formosa engaged in a scheme of wrongful conduct through numerous misrepresentations or material omissions, and made "misrepresentations concerning its intention to reasonably compensate for delays and disruptions when, in reality, it possessed no such intention." Kajima also pleaded the occurrence of the specific elements of fraud without indicating that such fraud was committed only in the inducement of the written contracts. No special exceptions to the pleadings were filed; consequently, we construe the pleadings liberally in favor of the pleader. *See Handy Andy, Inc. v. Ruiz,* 900 S.W.2d 739, 742 (Tex.App.—Corpus Christi 1994, writ denied) (citing *Stone v. Lawyers Title Ins. Corp.,* 554 S.W.2d 183, 186 (Tex. 1977)). We conclude Kajima's pleadings adequately raised the issue of fraud arising after execution of the contracts.

We next examine the evidence supporting the requested fraud question. Calvin Howton, an on-site project engineer for Kajima, provided evidence of Formosa's post-contract fraud. Howton testified that, in order to catch up to the targeted schedule from delays caused by other con-

tractors and Formosa, Kajima was required to hire more people, work overtime, and perform twenty-four hour shifts, and did so pursuant to Formosa's demands and assurances that they would be compensated for the additional costs. Ronald Robichaux, Formosa's senior engineer in charge of new projects in the maintenance department, stated in a videotaped deposition that if a contractor made a claim for extras, Formosa would try to get the contractors to do the work, without authorizing payment. Kajima also provided evidence that it was not paid for the additional costs or overtime and that it suffered damages as a result. We conclude there is some evidence that: (1) Formosa promised to compensate Kajima for overtime and additional costs; (2) this promise or representation was false; (3) when the promise was made, Formosa knew it was false or made such promise recklessly without any knowledge of its truth; (4) Formosa made this promise with the intent that it be acted on by Kajima; (5) Kajima relied upon said promise or misrepresentation; and (6) Kajima suffered injury as a result. Thus, there is some evidence of fraud occurring after the execution of the contract.

Formosa cites *Formosa Plastics Corp., USA v. Presidio Engineers & Contractors,* 960 S.W.2d 41, 46–47 (Tex.1998), for the proposition that the only type of fraud claim which can exist in a contract setting is a claim for fraud in the inducement of contracts. We find no language in *Presidio* to support such an interpretation. In *Presidio,* the supreme court reviewed an opinion of this Court. In the *Presidio* opinion issued by this Court, we upheld the jury's finding that "Formosa defrauded Presidio by inducing Presidio to enter into the contract and to continue performing on the contract." *Formosa Plastics Corp., USA v. Presidio Engineers & Contractors,* 941 S.W.2d 138, 146–47 (Tex.App.—Corpus Christi 1995), *rev'd on other grounds,* 960 S.W.2d 41 (Tex.1998). We also held that the trial court did not abuse its discretion by combining several species of fraud, in-

cluding misrepresentation, fraudulent inducement, fraudulent concealment, and fraudulent performance, into one broad form fraud question. *See id.* at 146.

In *Presidio,* the supreme court determined that because damages for fraud were calculated improperly there was insufficient evidence to support the entire amount of fraud damages. *See Presidio,* 960 S.W.2d at 49–50. Nonetheless, the supreme court recognized that Presidio had a viable fraud claim. *See id.* at 47. In this regard, however, the court limited its consideration to whether there was sufficient evidence to support the theory that Formosa fraudulently induced Presidio to enter into the contract, and did not "consider whether any other representations Formosa allegedly made were fraudulent." *Id.* at 49. Thus, the supreme court neither approved nor disapproved of our upholding the jury's finding of fraud damages for fraud in the performance of a contract.

■■■ Formosa contends that by allowing recovery for fraud after execution of the contracts, every case in which breach of contract is alleged and a contracting party has asked another party for continued performance will require a fraud submission. That is, a mere statement by a contracting party that "I will pay you what I owe you under the contract" will be actionable fraud. Indeed, an unfulfilled promise does not, standing alone, constitute fraud; otherwise, every breach of contract would amount to fraud. *See William B. Roberts, Inc. v. McDrilling Co., Inc.,* 579 S.W.2d 335, 340 (Tex.Civ.App.—Corpus Christi 1979, no writ); *see also Oliver v. Rogers,* 976 S.W.2d 792, 804 (Tex.App.— Houston [1st. Dist.] 1998, no pet.) (cases in which promisor had no intention of performing at time promise was made are distinguishable from cases in which promisor made promise with intent to perform and later changed his mind). However, a party's asking another party for continued performance will only trigger submission of a fraud question when the party makes a knowingly fraudulent misrepresentation

to induce that performance. *See Schindler v. Austwell Farmers Coop.,* 841 S.W.2d 853, 854 (Tex.1992) (promise of future performance constitutes fraudulent misrepresentation if promise was made with no intention of performing at the time it was made). The supreme court has held that a fraud claim may be maintained for breach of an oral agreement to pay a bonus because a "promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act." *Spoljaric v. Percival Tours, Inc.,* 708 S.W.2d 432, 434 (Tex.1986). Moreover, this Court has previously allowed recovery for fraud that induced a party to do something that it was not obligated to do under the contract. *See Arthur Bros.,* 882 S.W.2d at 925 (explaining that fraud claim pertained to representation regarding contract renewal, which was outside boundary of written agreement). We can find no opinion precluding recovery for fraud because the fraud occurred after execution of a contract, and we decline to do so here.

The promise in the instant case was not a promise to pay what was owed under the contract. Rather, the promise to pay for overtime work was outside the purview of the contract. Regardless of whether we characterize the fraud in this case as fraudulent inducement to make an oral amendment to an existing contract, fraudulent inducement to enter into a new oral contract, fraudulent misrepresentation, fraudulent inducement to continue performance, or fraud in the performance, the essential requirement that a promise was made with no intention of performing when it was made has been established by some evidence. *See Central Sav. & Loan Ass'n. v. Stemmons Northwest Bank, N.A.,* 848 S.W.2d 232, 240 (Tex.App.—Dallas 1992, no writ) (when a promise is made with purpose or intent to deceive another, and without intention of performing, there is actionable fraud) (citing *Spoljaric,* 708 S.W.2d at 434).

■ Formosa also urges that if such misrepresentations occurred as alleged, they would have amended the existing contracts. Because the jury found there was no breach as to any of the contracts, Formosa maintains, they necessarily found against any fraud in the process. However, as the supreme court observed in *Presidio*, fraudulent inducement, a species of intentional fraud, involves "[a]n independent legal duty, separate from the existence of the contract itself, [which] precludes the use of fraud to induce a binding agreement." *Presidio*, 960 S.W.2d at 47. Therefore, a finding as to whether a party breached a contract is not determinative as to whether the same party engaged in intentional fraud, such as fraudulently procuring an amendment to an existing contract.

During oral argument, Formosa directed this Court to *D.S.A., Inc. v. HISD*, 973 S.W.2d 662, 663–64 (Tex.1998), for the proposition that, with the sole exception of fraudulent inducement, a court may not award tort damages that involve the same injury as the breach of contract. Formosa's interpretation of *D.S.A.* is incorrect and its reliance on it in this case is misplaced. In *D.S.A.*, the supreme court analyzed the tort of negligent misrepresentation, which has a narrower scope of liability than fraudulent inducement, and concluded that to recover for such a claim, there must be an injury independent of the breach of contract. *See id.* (citing RESTATEMENT (SECOND) OF TORTS § 552B (1997)). In this case, there is no claim of negligent misrepresentation; the fraud theory involves intentional or reckless conduct. Thus, the requirement of an independent injury in *D.S.A.* is inapplicable to the facts of this case.

We conclude the trial court abused its discretion in submitting, over Kajima's

proper objection and request, a fraud question that precluded consideration of fraud that occurred after execution of the written contracts.

■ Failure to submit a valid theory of recovery that has been pleaded and is supported by some evidence is reversible error. *See Elbaor*, 845 S.W.2d at 243–44; *Exxon Corp. v. Perez*, 842 S.W.2d 629, 631 (Tex.1992). Although the elements of fraud were included in the jury instruction, the question as phrased precluded consideration of any fraud occurring after the execution of the five written contracts.[2] Therefore, the jury was unable to consider a viable cause of action that was properly requested, pleaded, and supported by the evidence. We conclude the error probably caused the rendition of an improper judgment. *See* TEX.R.APP. P. 44.1(a). Appellant's first issue is sustained. Because our ruling on Kajima's first issue is dispositive of the case before us, we do not address Kajima's remaining issues.

The judgment of the trial court is REVERSED and REMANDED for a new trial.

---

2. We note that submission of the bid omission questions did not cure the omission of Kajima's post-contract fraud theory, as the bid omissions comprised only a portion of Kajima's post-contract fraud theory. The inclusion of the question of whether Kajima entered into the contracts because of fraud and the bid omissions questions still leave out many of the misrepresentations alleged to have occurred after execution of the contracts.