### BLUE STAR OPERATING COMPANY, Appellant,

v.

### TETRA TECHNOLOGIES, INC. and Tetra Applied Technologies, Inc., Appellees.

No. 05–02–01721–CV.

Court of Appeals of Texas, Dallas.

Nov. 21, 2003.

---

Levi Glenn McCathern, II, McCathern, Mooty & Buffington, L.L.P., Brett C.

Stecklein, Tisha L. Dodge, Dallas, for Appellant.

Linda Broocks, Ogden, Gibson, White & Broocks, L.L.P., Houston, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice WHITTINGTON.

Blue Star Operating Company ("Blue Star") appeals a judgment entered in favor of Tetra Technologies, Inc. and Tetra Applied Technologies, Inc. (together, "Tetra") after a jury trial. Blue Star is in the business of oil and gas exploration. Blue Star contracted with Tetra to provide "fluid engineering" and related services for the drilling of the Dauntless Well in Robertson County, Texas. Disputes arose between the parties regarding payment for fluid lost in the course of the drilling operations. Blue Star brought suit against Tetra, alleging breach of contract, fraud, negligence, and violations of the Texas Deceptive Trade Practices Act. *See* TEX. BUS. & COM.CODE ANN. § 17.46 et seq. (Vernon 2002) ("DTPA"). Tetra asserted a counterclaim for Blue Star's failure to pay for all drilling fluids.

At trial, the jury found (1) Tetra and Blue Star agreed Blue Star would be responsible for payment for all fluid lost at the Dauntless Well during the drilling operations; (2) Blue Star failed to comply with the agreement; (3) Blue Star's lack of compliance was not excused; (4) Tetra did not engage in any deceptive act relied on by Blue Star that was a producing cause of damages; (5) Tetra did not commit an unconscionable act that was a producing cause of damages to Blue Star; (6) Tetra's failure to perform services in a good and workmanlike manner was a producing cause of damages to Blue Star; (7) Tetra did not commit fraud proximately causing

damages to Blue Star; (8) Blue Star's damages were zero; (9) Tetra's damages were $75,000; (10) Tetra engaged in knowing, but not intentional, conduct; and (11) Blue Star's damages for Tetra's knowing conduct were zero. The trial judge entered judgment for Tetra.

In five issues, Blue Star alleges the trial court erred in refusing to allow post-verdict amendments to its pleadings, granting a directed verdict on Blue Star's negligent misrepresentation claim, and failing to award Blue Star its attorneys' fees. Tetra cross-appeals, asserting it is entitled as a matter of law to recover its costs of reclaiming the fluid. We affirm the trial court's judgment.

POST-VERDICT AMENDMENT OF PLEADINGS

■ In its third issue, Blue Star asserts the trial judge erred in denying Blue Star's post-verdict request to amend its pleadings. After trial, Blue Star sought to add to its pleadings (1) an affirmative claim for common law breach of warranty, (2) affirmative defenses to Tetra's breach of contract claim of failure of consideration and common law breach of warranty, and (3) "another basis for Blue Star's attorneys' fees under contract remedies."

■ Trial amendments are governed by rule 66 of the Texas Rules of Civil Procedure. This rule provides in part: "[T]he court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits." A court may not refuse a trial amendment unless (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense,

and thus is prejudicial on its face. *State Bar of Tex. v. Kilpatrick,* 874 S.W.2d 656, 658 (Tex.1994) (per curiam); *see also Greenhalgh v. Serv. Lloyds Ins. Co.,* 787 S.W.2d 938, 940–41 (Tex.1990) (under Texas Rules of Civil Procedure 63 and 66, trial judge must allow pleading amendment after verdict to conform amount of damages sought to amount found by jury unless opposing party shows surprise or prejudice). If the trial amendment is not mandatory, then the decision to permit or deny the amendment rests within the sound discretion of the trial judge. *Kilpatrick,* 874 S.W.2d at 658.

■ An amendment "prejudicial on its face" has three defining characteristics. *See Weynand v. Weynand,* 990 S.W.2d 843, 847 (Tex.App.-Dallas 1999, pet. denied) (citing *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.,* 938 S.W.2d 743, 748–49 (Tex. App.-Dallas 1996, writ denied)). First, the amendment "must assert new substantive matter that reshapes the nature of the trial itself." *Weynand,* 990 S.W.2d at 847. Second, the new matter asserted "must be such that it could not have been anticipated by the opposing party in light of the development of the case." *Weynand,* 990 S.W.2d at 847. Third, allowance of the amendment "must not detrimentally affect the opposing party's case." *Weynand,* 990 S.W.2d at 847.

With these principles in mind, we review the amendment proposed by Blue Star after the jury returned its verdict. Blue Star argues the elements of the common law warranty claim and defense were identical to Blue Star's warranty claim under the DTPA. Blue Star urges the elements of its DTPA warranty claim are: (1) implied warranty of good and workmanlike performance; (2) breach thereof; (3) producing cause of damages (cause in fact); (4) committed knowingly, that is, acting with actual awareness of conduct causing injury. Blue Star further argues the elements of its common law warranty claim are identical: (1) implied warranty of good and workmanlike performance; (2) breach thereof; and (3) proximate cause of damages (cause in fact and foreseeability). Blue Star asserts foreseeability is equivalent to the DTPA "knowingly" standard, that is, acting with actual awareness of conduct causing injury. Blue Star concludes that because the elements of the DTPA warranty claim found by the jury are identical to the elements of a common-law warranty claim, there is no new cause of action alleged in the proposed amended pleading and therefore no prejudice on the face of the pleading. *See Weynand,* 990 S.W.2d at 847. For the reasons that follow, we reject these arguments.

■ Common law foreseeability is different from knowing conduct under the DTPA. Foreseeability requires that the actor, as a person of ordinary intelligence, would have anticipated the danger that his negligent act created for others. *See Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex.1995). "Of course, foreseeability is not an element of producing cause under the DTPA." *See Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 816 (Tex.1997). Foreseeability does not require a person to foresee the particular accident or injury that, in fact, occurs. *See Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 550–51 (Tex. 1985). Foreseeability requires only that (1) the injury be of such a general character as might reasonably have been anticipated, and (2) the injured party be so similarly situated in relation to the wrongful act that the injury to her or to someone similarly situated might reasonably have been foreseen. *See Nixon,* 690 S.W.2d at 551 (quoting *Carey v. Pure Distrib. Corp.,* 133 Tex. 31, 124 S.W.2d 847, 849 (1939)).

The question of foreseeability asks whether the injury might reasonably have been contemplated as a result of the defendant's conduct. *See Doe,* 907 S.W.2d at 478.

■ In contrast, the question whether a DTPA defendant's conduct was "knowing" does not focus on whether the plaintiff's injury might reasonably have been anticipated. Instead, "knowing" conduct requires actual awareness by the defendant that his conduct is unfair or deceptive. *See St. Paul Surplus Lines Ins. Co. v. Dal–Worth Tank Co.,* 974 S.W.2d 51, 53–54 (Tex.1998) (per curiam); *see also* TEX. BUS. & COMM.CODE ANN. § 17.45(9) (Vernon 2002) ("knowingly" means "actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty").

The jury found Tetra did not perform its services in a good and workmanlike manner, and Tetra's conduct was knowing but not intentional. There was evidence supporting these findings; for example, there was evidence Tetra mismanaged the fluid at the site, leading to problems with filtration and solids removal. The jury found Tetra was actually aware of these failures. The jury also found, however, that Blue Star failed to comply with the parties' agreement and Blue Star's breach was not excused by any fraud on Tetra's part. Blue Star does not challenge the factual sufficiency of the evidence supporting these findings. The jury was not asked whether Tetra's failure to perform services in a good and workmanlike manner affected the parties' contractual obligations, whether consideration for the contract had failed, or whether Tetra might reasonably have anticipated injury to Blue Star. The jury reviewed and weighed the evidence and answered the specific questions posed in the charge, answering some questions in Blue Star's favor and some in Tetra's. Neither we nor the trial judge may specu-

late on what the jury might have found had other, different questions been asked. *See Durban v. Guajardo,* 79 S.W.3d 198, 208 (Tex.App.-Dallas 2002, no pet.) (even when reviewing factual sufficiency of evidence, court of appeals is not fact finder and may not pass upon credibility of witnesses or substitute its judgment for that of trier of fact, regardless of whether different answer could be reached upon review of evidence). The proposed amendments assert new substantive matters that would reshape the nature of the trial. Therefore, the first *Weynand* factor is met. *See Weynand,* 990 S.W.2d at 847.

The other *Weynand* factors are also met. *See Weynand,* 990 S.W.2d at 847. Blue Star sought to amend its pleadings to create a new basis for affirmative recovery and to bar recovery by Tetra at a time when the jury had reached a verdict and been excused. Tetra could not have presented evidence on the issue of foreseeability or made further argument to the jury. Under these circumstances, allowing the amendment would detrimentally affect Tetra's case and could not have been anticipated where Blue Star did not seek to present the issues to the jury or complain about their absence from the charge.

At the hearing on Blue Star's motion to amend, the trial judge concluded: "I have to deny the motion for leave because I think it would be adding something new that's not in the charge.... It is not simply amending the pleadings to conform to the evidence and to the submission to the jury. Now, whether I might have granted it before the submission to the jury ... is a different question, and I don't reach that." Because the amendment was prejudicial on its face, the trial judge was within her discretion to refuse it. *See Kilpatrick,* 874 S.W.2d at 658. We overrule Blue Star's third issue. As Blue Star's first two issues raise similar questions, regarding

whether a knowing violation of the DTPA establishes a common law breach of warranty claim or affirmative defense, we overrule those issues as well.

## ATTORNEYS' FEES

Blue Star asserts it is entitled to recover its attorneys' fees because it was the "prevailing party" on its DTPA claim. *See* TEX. BUS. & COM.CODE ANN. § 17.50(d) (Vernon 2002) ("consumer who prevails" shall be awarded reasonable and necessary attorneys' fees). Although the jury did find Tetra liable for failure to perform services in a good and workmanlike manner, and found that this failure was "knowing," it further found Blue Star's damages for this conduct to be zero. A party is not entitled to a recovery of attorneys' fees where a jury awards no damages. *See Cooper v. Lyon Fin. Servs., Inc.*, 65 S.W.3d 197, 209–210 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (where jury found party engaged in knowing violations of DTPA but zero dollars would fairly and reasonably compensate claimant for damages caused by that conduct, trial court properly denied attorneys' fees). We overrule Blue Star's fourth issue.

## NEGLIGENT MISREPRESENTATION

In its fifth issue, Blue Star contends the trial judge erred in granting Tetra's motion for directed verdict on Blue Star's claim for negligent misrepresentation. In reviewing the grant of an instructed verdict, we must determine whether there is any evidence of probative force to raise a fact issue on the material questions presented. *Szczepanik v. First Southern Trust Co.*, 883 S.W.2d 648, 649 (Tex.1994) (per curiam). We consider all of the evidence in a light most favorable to the party against whom the verdict was instructed and disregard all contrary evidence and inferences; we give the losing party the benefit of all reasonable inferences created by the evidence. *See Szczepanik*, 883 S.W.2d at 649.

Blue Star argues Tetra failed to disclose the possibility of significant filtration losses, and this failure constituted a negligent misrepresentation on which Blue Star relied in entering into the contract. The trial judge submitted Blue Star's fraud and contract claims to the jury, but granted a directed verdict on Blue Star's claim for negligent misrepresentation. While Blue Star's claim could validly sound in both tort and contract, *see, e.g., Shell Oil Prods. Co. v. Main Street Ventures, L.L.C.*, 90 S.W.3d 375, 381–382 (Tex.App.-Dallas 2002, pet. dism'd by agr.), there must be an injury independent of damages for breach of contract for Blue Star to recover on its negligent misrepresentation claim. *See D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663–64 (Tex. 1998) (per curiam). Blue Star does not cite to evidence regarding any injury it suffered or damages it seeks as a result of Tetra's alleged failure to disclose that is independent from its breach of contract claim. Blue Star sought to recover the amount it alleged it overpaid Tetra under the parties' agreement. Unlike fraudulent inducement, the benefit of the bargain measure of damages is not available for a claim of negligent misrepresentation. *D.S.A., Inc.*, 973 S.W.2d at 663. The trial judge did not err in granting the motion for directed verdict on Blue Star's negligent misrepresentation claim. Accordingly, we overrule Blue Star's fifth issue.

## CONDITIONAL CROSS APPEAL AND CROSS APPEAL

Tetra asserts a "conditional cross appeal" raising issues regarding Blue Star's DTPA claims in the event any of Blue Star's issues are sustained. Because we

did not sustain Blue Star's issues, we do not reach Tetra's conditional cross appeal.

Tetra also asserts a cross appeal, complaining the trial judge erred in denying its motion to disregard the jury's answer to the damages question. Tetra asserts it is entitled to recover its reclamation costs as a matter of law. Blue Star disagrees, and also argues Tetra did not properly perfect its cross appeal. We need not decide the question whether Tetra preserved error. Assuming it did, the trial judge did not err in refusing Tetra's request for judgment on its reclamation costs.

■ Tetra argues it is undisputed Tetra was entitled to recover reclamation costs, and the evidence of those costs was conclusive. Therefore, Tetra maintains, the trial judge erred in failing to disregard the jury's finding and substitute her own affirmative finding of damages. We disagree. Tetra acknowledges it must show the evidence conclusively proved facts establishing its right to judgment as a matter of law, and that there is no evidence to the contrary, citing *Weidner v. Sanchez*, 14 S.W.3d 353, 373 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Tetra has not met this burden.

■ The evidence regarding Tetra's damages and reclamation costs was disputed. The jury was asked to determine only one figure for Tetra's damages. In arriving at this figure, the jury could consider and weigh all evidence of damages, not only the evidence regarding fluid reclamation. The jury heard conflicting evidence regarding the total amount of damages suffered by Tetra, including amounts for unpaid invoices, lost fluid, storage charges, and reclamation costs. The jury also heard conflicting evidence regarding the type, amount, and cost of fluid to be reclaimed, as well as evidence regarding which party should bear reclamation costs.

The trier of fact has discretion to award damages within the range of evidence presented at trial. *See Duggan v. Marshall*, 7 S.W.3d 888, 893 (Tex.App.-Houston [14th Dist.] 1999, no pet.). We cannot assume the jury did not evaluate Tetra's reclamation claim in arriving at its damages award. *See Duggan*, 7 S.W.3d at 894 (improper to engage in conjecture of breaking down damages award into its component parts). Because there is evidence upon which the jury could have made its finding, the trial judge did not err in refusing to disregard the damages award. *See Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990) (trial court may disregard jury's findings only where there is no evidence upon which jury could have made its finding). We overrule Tetra's cross point.

We affirm the judgment of the trial court.