NO. 07-05-0147-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 30, 2007
                                       ______________________________

ROBERT SCHERER AND SCS CONSTRUCTION
MANAGEMENT, INC., APPELLANTS

V.

DEAN ANGELL AND SALLY ANGELL, APPELLEES
_________________________________

FROM THE 281ST DISTRICT COURT OF HARRIS COUNTY;

NO. 2003-20697; HONORABLE DAVID BERNAL, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellants, Robert Scherer and SCS Construction Management, Inc. (SCS), appeal
from a judgment granting appellees, Dean Angell and Sally Angell (collectively, “the
Angells”), damages against appellants for negligent misrepresentation and slander of title
as well as awarding the Angells attorney fees. We reverse and render a take nothing
judgment as to the Angells’ claims for negligent misrepresentation and the award of
attorney fees.
Factual and Procedural Background
          This case arises out of a construction contract between SCS and the Angells. The
contract in question was executed on July 28, 2002 and called for SCS to build a metal
building on land owned by the Angells. SCS had previously built another building for the
Angells. The construction of the building called for in the July 28 contract was significantly
delayed and did not proceed in a manner that suited the Angells. On February 24, 2004,
the Angells met with SCS through Scherer, SCS’s president, and another representative
of SCS. Exactly what transpired at the meeting was the subject of a significant amount of
testimony at trial. However, at the conclusion of the meeting, Scherer informed the Angells
that the meeting was over and the contract was cancelled. He initially informed the other
corporate representative to return to the Angells their down payment of $9,000 but,
subsequently, directed the representative to determine how much SCS had in the job and
to refund any portion of the down payment that remained to the Angells. After the review,
SCS informed the Angells that a review of the project revealed that the entire $9,000 had
been expended and, in fact, the Angells owed SCS an additional $8,247.78. The Angells
disputed the claim that they owed any money to SCS and made a claim for a refund of
$5,500 of the original down payment. Later, Scherer caused a mechanic’s lien to be filed
on the property upon which the building was to be built to secure payment of the $8,247.78
that Scherer alleged the Angells owed SCS. 
          The Angells subsequently filed suit against SCS and Scherer for breach of contract,
fraud, slander of title, conversion, and wrongful retention of money. SCS and Scherer
answered and filed a counterclaim alleging quantum merit, breach of contract, and seeking
to foreclose the mechanic’s lien on the property. The Angells filed an answer to the
counterclaim that, inter alia, alleged an affirmative defense that the lien was void and was
a cloud on the Angells’ title. Before trial, the Angells filed an amended pleading adding
claims of trust fund violations, negligent misrepresentation, and promissory estoppel. A
jury trial was held and the jury found that SCS had not breached the contract; the Angells
had detrimentally relied on promises made by Scherer, but did not suffer damages from
their reliance; SCS and Scherer had not converted any of the Angells’ property; SCS had
made negligent misrepresentations to the Angells and, as a result, the Angells had
suffered damages in the amount of $21,000; Scherer had slandered the Angells’ title to the
property and the Angells had suffered $1,000 in damages as a result; SCS had not
committed fraud; the Angells incurred $15,000 in attorney fees in the preparation for and
trial of the lawsuit; and SCS provided compensable work in the value of $13,000 to the
Angells. The trial court, after motions for judgment and judgment notwithstanding the
verdict, entered judgment that confirmed the jury’s answers to the fact issues and
conditionally granted the Angells additional attorney fees for appeal to the court of appeals
and Supreme Court of Texas. It is from this judgment that SCS and Scherer appeal.
          SCS and Scherer’s first issue deals with the award of attorney fees to the Angells. 
However, we will first address SCS and Scherer’s issues challenging the legal and factual
sufficiency of the evidence to support the finding of negligent misrepresentation and
resulting damages before addressing the issue of attorney fees.
 
 
Sufficiency of the Evidence
          By three issues, SCS and Scherer contend that the evidence was either legally or
factually insufficient to support the jury’s finding that SCS had misrepresented an existing
fact or that the Angells suffered any damages as a result of any misrepresentations. When
both legal and factual sufficiency are raised, we must first address the issue of legal
sufficiency. Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981). Because
we conclude that the evidence was legally insufficient to support the jury’s negligent
misrepresentation finding, we need not address the additional sufficiency issues raised by
SCS and Scherer. See Tex. R. App. P. 47.1.
           When conducting a legal sufficiency review, the cogent inquiry is whether the
evidence at trial would enable reasonable and fair minded people to differ in their
conclusions. City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). As a reviewing
court, we are not free to substitute our judgment for that of the trier of fact, so long as the
evidence falls within the zone of reasonable disagreement. Id. In making this
determination, the scope of review requires that we view the evidence in the light most
favorable to the verdict, crediting favorable evidence if reasonable jurors could do so and
disregarding contrary evidence unless reasonable jurors could not. Id. at 807.
          To recover in an action for negligent misrepresentation, the Angells had to prove the
following elements: 1) a representation was made by SCS or Scherer in the course of its
business or in a transaction in which SCS or Scherer had a pecuniary interest; 2) SCS or
Scherer supplied “false information” for the guidance of others in their business; 3) SCS
or Scherer did not exercise reasonable care or competence in obtaining or communicating
the information; and 4) the Angells suffered pecuniary loss by justifiably relying on the
representation. Fed. Land Bank Ass’n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex.
1991). Additionally, the “false information” contemplated in a negligent misrepresentation
case must be a misstatement of an existing fact rather than a promise of future conduct. 
Miller v. Raytheon Aircraft Co., 229 S.W.3d 358, 379 (Tex.App.–Houston [1st Dist.] 2007,
no pet.). Finally, there must be an independent injury, other than a breach of contract, to
support a negligent misrepresentation finding. D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.,
973 S.W.2d 662, 663 (Tex. 1998).
          The Angells’ third amended original petition, the live pleading for the Angells at the
time of trial, included an allegation of negligent misrepresentation. The Angells allege that
SCS and Scherer “. . . misrepresented that they would perform some of the work on the
property. . . and not charge Plaintiffs for such.” There are no other claims of negligent
misrepresentation made in the Angells’ petition. Dean Angell testified that an employee
of SCS, John Gonzalez, offered to “spread the dirt” for the Angells on both lots for free in
order to get the Angells to hire SCS to build both the first building and the building in the
contract of July 28, 2002. This evidence shows conclusively that the alleged
misrepresentation was that SCS and Scherer agreed to perform certain work at some
undisclosed time in the future. Accordingly, this evidence does not and cannot prove
negligent misrepresentation, as it is clearly related to an act to be performed in the future. 
Miller, 229 S.W.3d at 379. 
          The Angells, in their brief, argue that other misrepresentations were made. 
However, none of these allegations are supported by the Angells’ pleadings. Even so, a
review of these allegations reveals that all of them are either part and parcel of the breach
of contract action or a promise of future action. First, the Angells claim that SCS told them
they would get a discount for contracting to have SCS build both buildings. This
representation is alleged to have been made during negotiations and prior to any contract
work being done. Therefore, it is clearly a promise of future action and does not support
a claim of negligent misrepresentation. Id. Second, the Angells contend that there were
negligent misrepresentations in the ancillary Construction Loan Agreement. However,
there is no evidence to support this contention. Also, the Construction Loan Agreement
is in and of itself a completed contract between the Angells, SCS, and the lending
institution. Therefore, any failure to live up to representations would be a breach of that
contract and not a negligent misrepresentation. D.S.A., Inc., 973 S.W.2d at 663. The
alleged misrepresentations concerning the amount of concrete work are simply allegations
of breach of contract. Id. The Angells also allege that SCS’s failure to repay the $9,000
down payment was a negligent misrepresentation. However, such an agreement is nothing
more than a breach of contract allegation or an unfilled promise of future action recast as
a negligent misrepresentation claim. Id. Finally, the issue of the Angells obtaining and
paying for building permits is nothing but damages for a breach of contract action. Id.
          What we are left with is not evidence of negligent misrepresentation. Accordingly,
the evidence at trial does not enable reasonable and fair minded people to differ in their
conclusions, therefore, the evidence is legally insufficient to support a finding that SCS and
Scherer were negligent in their representations to the Angells. City of Keller, 168 S.W.3d
at 822. Likewise, the judgment awarding damages for that cause of action cannot stand. 
We, therefore, reverse the trial court’s judgment awarding damages to the Angells for the
negligent misrepresentation cause of action. 
Attorney Fees
          Next, we consider the award of attorney fees to the Angells. We review the trial
court’s decision granting attorney fees under a de novo standard. Gereb v. Smith-Jaye,
70 S.W.3d 272, 273 (Tex.App.–San Antonio 2002, no pet.). SCS’s and Scherer’s
contention is that the Angells failed to obtain a jury finding on any cause of action that
would allow the trial court to enter a judgment awarding attorney fees. The Angells counter
saying that the attorney fees they incurred were a consequential damage suffered as a
result of SCS’s and Scherer’s negligent misrepresentation. Also, the Angells contend that
the award of attorney fees was proper because the jury found for the Angells on their
action for promissory estoppel. Further, the Angells allege that the award of attorney fees
was valid because of the provisions of Texas Property Code section 53.156. See Tex.
Prop. Code Ann. § 53.156 (Vernon 1984).
           The Angells obtained an affirmative finding as to their theory of promissory
estoppel. However, the jury found no damages for the Angells under that same theory. 
A finding of no damages negates the right of the Angells to recover attorney fees in
connection with promissory estoppel. Promissory estoppel, according to the Angells, is a
form of contract action and recovery is, therefore, of a contractual nature. As such, section
38.001 of the Civil Practice and Remedies Code governs the right to recover attorney fees. 
See Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon 1985). To recover attorney fees
under this section the Angells were required to recover damages. G.R.A.V.I.T.Y. Enters.,
Inc. v. Reece Supply Co., 177 S.W.3d 537, 546 (Tex.App.–Dallas 2005, no pet.)(citing
Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997)). The Angells were awarded
zero damages on their claim for promissory estoppel and, therefore, they are not entitled
to recover attorney fees under that theory of recovery.
          Next, the Angells claim that the attorney fees are recoverable based upon their
pleading that the mechanic’s lien was invalid. See Tex. Prop. Code Ann. § 53.156 (Vernon
1984). The jury was asked whether either SCS or Scherer, or both of them, slandered the
Angells’ title to the property in question. The instructions given the jury in connection with
the question do not refer or allude to an action under the section of the Property Code that
the Angells now cite as authority to recover attorney fees. The only fact found is the jury’s
affirmative answer to the slander of title inquiry. Slander of title does not support the award
of attorney fees. Williams v. Jennings, 755 S.W.2d 874, 886 (Tex.App.–Houston [14th
Dist.] 1988, writ denied). 
          The only other cause of action found in favor of the Angells was negligent
misrepresentation. However, we have determined that the jury finding in favor of the
Angells was not based on legally sufficient evidence. Accordingly, the award of attorney
fees for negligent misrepresentation cannot survive. Even if the jury finding of negligent
misrepresentation survived appeal, we note that a jury finding in favor of the Angells on the
theory of negligent misrepresentation will not support the award of attorney fees. Metro.
Life Ins. Co. v. Haney, 987 S.W.2d 236, 243-44 (Tex.App.–Houston [14th Dist] 1999, pet.
denied). 
          Simply stated, the award of attorney fees may not be sustained under the facts of
the case at bar. Accordingly, the judgment awarding attorney fees to the Angells is
reversed.
Slander of Title
          Scherer has not appealed the jury finding that his actions were a slander of title as
to the real property owned by the Angells. Accordingly, that portion of the trial court’s
judgment will not be disturbed. 
Conclusion
          That portion of the judgment of the trial court that awards the Angells damages for
negligent misrepresentation and attorney fees is reversed and we render judgment that the
Angells take nothing by these claims.
 
                                                                                      Mackey K. Hancock

                                                                                                 Justice