NO. 07-05-0147-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 30, 2007
_____

ROBERT SCHERER AND SCS CONSTRUCTION
MANAGEMENT, INC., APPELLANTS

V.

DEAN ANGELL AND SALLY ANGELL, APPELLEES
_____

FROM THE 281ST DISTRICT COURT OF HARRIS COUNTY;

NO. 2003-20697; HONORABLE DAVID BERNAL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.


**OPINION**


Appellants, Robert Scherer and SCS Construction Management, Inc. (SCS), appeal from a judgment granting appellees, Dean Angell and Sally Angell (collectively, "the Angells"), damages against appellants for negligent misrepresentation and slander of title as well as awarding the Angells attorney fees. We reverse and render a take nothing judgment as to the Angells' claims for negligent misrepresentation and the award of attorney fees.

Factual and Procedural Background

This case arises out of a construction contract between SCS and the Angells. The contract in question was executed on July 28, 2002 and called for SCS to build a metal building on land owned by the Angells. SCS had previously built another building for the Angells. The construction of the building called for in the July 28 contract was significantly delayed and did not proceed in a manner that suited the Angells. On February 24, 2004, the Angells met with SCS through Scherer, SCS's president, and another representative of SCS. Exactly what transpired at the meeting was the subject of a significant amount of testimony at trial. However, at the conclusion of the meeting, Scherer informed the Angells that the meeting was over and the contract was cancelled. He initially informed the other corporate representative to return to the Angells their down payment of $9,000 but, subsequently, directed the representative to determine how much SCS had in the job and to refund any portion of the down payment that remained to the Angells. After the review, SCS informed the Angells that a review of the project revealed that the entire $9,000 had been expended and, in fact, the Angells owed SCS an additional $8,247.78. The Angells disputed the claim that they owed any money to SCS and made a claim for a refund of $5,500 of the original down payment. Later, Scherer caused a mechanic's lien to be filed on the property upon which the building was to be built to secure payment of the $8,247.78 that Scherer alleged the Angells owed SCS.

The Angells subsequently filed suit against SCS and Scherer for breach of contract, fraud, slander of title, conversion, and wrongful retention of money. SCS and Scherer answered and filed a counterclaim alleging quantum merit, breach of contract, and seeking

to foreclose the mechanic's lien on the property. The Angells filed an answer to the counterclaim that, *inter alia*, alleged an affirmative defense that the lien was void and was a cloud on the Angells' title. Before trial, the Angells filed an amended pleading adding claims of trust fund violations, negligent misrepresentation, and promissory estoppel. A jury trial was held and the jury found that SCS had not breached the contract; the Angells had detrimentally relied on promises made by Scherer, but did not suffer damages from their reliance; SCS and Scherer had not converted any of the Angells' property; SCS had made negligent misrepresentations to the Angells and, as a result, the Angells had suffered damages in the amount of $21,000; Scherer had slandered the Angells' title to the property and the Angells had suffered $1,000 in damages as a result; SCS had not committed fraud; the Angells incurred $15,000 in attorney fees in the preparation for and trial of the lawsuit; and SCS provided compensable work in the value of $13,000 to the Angells. The trial court, after motions for judgment and judgment notwithstanding the verdict, entered judgment that confirmed the jury's answers to the fact issues and conditionally granted the Angells additional attorney fees for appeal to the court of appeals and Supreme Court of Texas. It is from this judgment that SCS and Scherer appeal.

SCS and Scherer's first issue deals with the award of attorney fees to the Angells. However, we will first address SCS and Scherer's issues challenging the legal and factual sufficiency of the evidence to support the finding of negligent misrepresentation and resulting damages before addressing the issue of attorney fees.

3

Sufficiency of the Evidence

By three issues, SCS and Scherer contend that the evidence was either legally or factually insufficient to support the jury's finding that SCS had misrepresented an existing fact or that the Angells suffered any damages as a result of any misrepresentations. When both legal and factual sufficiency are raised, we must first address the issue of legal sufficiency. Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex. 1981). Because we conclude that the evidence was legally insufficient to support the jury's negligent misrepresentation finding, we need not address the additional sufficiency issues raised by SCS and Scherer. See TEX. R. APP. P. 47.1.

When conducting a legal sufficiency review, the cogent inquiry is whether the evidence at trial would enable reasonable and fair minded people to differ in their conclusions. City of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005). As a reviewing court, we are not free to substitute our judgment for that of the trier of fact, so long as the evidence falls within the zone of reasonable disagreement. Id. In making this determination, the scope of review requires that we view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. Id. at 807.

To recover in an action for negligent misrepresentation, the Angells had to prove the following elements: 1) a representation was made by SCS or Scherer in the course of its business or in a transaction in which SCS or Scherer had a pecuniary interest; 2) SCS or Scherer supplied "false information" for the guidance of others in their business; 3) SCS or

4

Scherer did not exercise reasonable care or competence in obtaining or communicating the information; and 4) the Angells suffered pecuniary loss by justifiably relying on the representation. Fed. Land Bank Ass'n of Tyler v. Sloane, 825 S.W.2d 439, 442 (Tex. 1991). Additionally, the "false information" contemplated in a negligent misrepresentation case must be a misstatement of an existing fact rather than a promise of future conduct. Miller v. Raytheon Aircraft Co., 229 S.W.3d 358, 379 (Tex.App.–Houston [1st Dist.] 2007, no pet.). Finally, there must be an independent injury, other than a breach of contract, to support a negligent misrepresentation finding. D.S.A., Inc. v. Hillsboro Indep. Sch. Dist., 973 S.W.2d 662, 663 (Tex. 1998).

The Angells' third amended original petition, the live pleading for the Angells at the time of trial, included an allegation of negligent misrepresentation. The Angells allege that SCS and Scherer ". . . misrepresented that they would perform some of the work on the property. . . and not charge Plaintiffs for such." There are no other claims of negligent misrepresentation made in the Angells' petition. Dean Angell testified that an employee of SCS, John Gonzalez, offered to "spread the dirt" for the Angells on both lots for free in order to get the Angells to hire SCS to build both the first building and the building in the contract of July 28, 2002. This evidence shows conclusively that the alleged misrepresentation was that SCS and Scherer agreed to perform certain work at some undisclosed time in the future. Accordingly, this evidence does not and cannot prove negligent misrepresentation, as it is clearly related to an act to be performed in the future. Miller, 229 S.W.3d at 379.

5

The Angells, in their brief, argue that other misrepresentations were made. However, none of these allegations are supported by the Angells' pleadings. Even so, a review of these allegations reveals that all of them are either part and parcel of the breach of contract action or a promise of future action. First, the Angells claim that SCS told them they would get a discount for contracting to have SCS build both buildings. This representation is alleged to have been made during negotiations and prior to any contract work being done. Therefore, it is clearly a promise of future action and does not support a claim of negligent misrepresentation. Id. Second, the Angells contend that there were negligent misrepresentations in the ancillary Construction Loan Agreement. However, there is no evidence to support this contention. Also, the Construction Loan Agreement is in and of itself a completed contract between the Angells, SCS, and the lending institution. Therefore, any failure to live up to representations would be a breach of that contract and not a negligent misrepresentation. D.S.A., Inc., 973 S.W.2d at 663. The alleged misrepresentations concerning the amount of concrete work are simply allegations of breach of contract. Id. The Angells also allege that SCS's failure to repay the $9,000 down payment was a negligent misrepresentation. However, such an agreement is nothing more than a breach of contract allegation or an unfilled promise of future action recast as a negligent misrepresentation claim. Id. Finally, the issue of the Angells obtaining and paying for building permits is nothing but damages for a breach of contract action. Id.

What we are left with is not evidence of negligent misrepresentation. Accordingly, the evidence at trial does not enable reasonable and fair minded people to differ in their conclusions, therefore, the evidence is legally insufficient to support a finding that SCS and

6

Scherer were negligent in their representations to the Angells. City of Keller, 168 S.W.3d at 822. Likewise, the judgment awarding damages for that cause of action cannot stand. We, therefore, reverse the trial court's judgment awarding damages to the Angells for the negligent misrepresentation cause of action.

Attorney Fees

Next, we consider the award of attorney fees to the Angells. We review the trial court's decision granting attorney fees under a *de novo* standard. Gereb v. Smith-Jaye, 70 S.W.3d 272, 273 (Tex.App.–San Antonio 2002, no pet.). SCS's and Scherer's contention is that the Angells failed to obtain a jury finding on any cause of action that would allow the trial court to enter a judgment awarding attorney fees. The Angells counter saying that the attorney fees they incurred were a consequential damage suffered as a result of SCS's and Scherer's negligent misrepresentation. Also, the Angells contend that the award of attorney fees was proper because the jury found for the Angells on their action for promissory estoppel. Further, the Angells allege that the award of attorney fees was valid because of the provisions of Texas Property Code section 53.156. See TEX. PROP. CODE ANN. § 53.156 (Vernon 1984).

The Angells obtained an affirmative finding as to their theory of promissory estoppel. However, the jury found no damages for the Angells under that same theory. A finding of no damages negates the right of the Angells to recover attorney fees in connection with promissory estoppel. Promissory estoppel, according to the Angells, is a form of contract action and recovery is, therefore, of a contractual nature. As such, section 38.001 of the

7

Civil Practice and Remedies Code governs the right to recover attorney fees. See TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1985). To recover attorney fees under this section the Angells were required to recover damages. G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co., 177 S.W.3d 537, 546 (Tex.App.–Dallas 2005, no pet.)(citing Green Int'l, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997)). The Angells were awarded zero damages on their claim for promissory estoppel and, therefore, they are not entitled to recover attorney fees under that theory of recovery.

Next, the Angells claim that the attorney fees are recoverable based upon their pleading that the mechanic's lien was invalid. See TEX. PROP. CODE ANN. § 53.156 (Vernon 1984). The jury was asked whether either SCS or Scherer, or both of them, slandered the Angells' title to the property in question. The instructions given the jury in connection with the question do not refer or allude to an action under the section of the Property Code that the Angells now cite as authority to recover attorney fees. The only fact found is the jury's affirmative answer to the slander of title inquiry. Slander of title does not support the award of attorney fees. Williams v. Jennings, 755 S.W.2d 874, 886 (Tex.App.–Houston [14th Dist.] 1988, writ denied).

The only other cause of action found in favor of the Angells was negligent misrepresentation. However, we have determined that the jury finding in favor of the Angells was not based on legally sufficient evidence. Accordingly, the award of attorney fees for negligent misrepresentation cannot survive. Even if the jury finding of negligent misrepresentation survived appeal, we note that a jury finding in favor of the Angells on the theory of negligent misrepresentation will not support the award of attorney fees. Metro.

8

Life Ins. Co. v. Haney, 987 S.W.2d 236, 243-44 (Tex.App.–Houston [14th Dist] 1999, pet. denied).

Simply stated, the award of attorney fees may not be sustained under the facts of the case at bar. Accordingly, the judgment awarding attorney fees to the Angells is reversed.

## Slander of Title

Scherer has not appealed the jury finding that his actions were a slander of title as to the real property owned by the Angells. Accordingly, that portion of the trial court's judgment will not be disturbed.

## Conclusion

That portion of the judgment of the trial court that awards the Angells damages for negligent misrepresentation and attorney fees is reversed and we render judgment that the Angells take nothing by these claims.

Mackey K. Hancock
Justice

9