The STATE BAR OF TEXAS, Petitioner,

v.

Donald E. KILPATRICK, Respondent.

No. D–4055.

Supreme Court of Texas.

Jan. 5, 1994.

Rehearing Overruled Feb. 2, 1994.

Certiorari Denied June 27, 1994.

See 114 S.Ct. 2740.

James McCormack, Linda A. Acevedo, Austin, for petitioner.

David W. Holman, Houston, for respondent.

ON APPLICATION FOR
WRIT OF ERROR

PER CURIAM.

In this disciplinary proceeding, the court of appeals reversed and remanded the trial court's order disbarring Donald Kilpatrick for soliciting employment in violation of State

Bar disciplinary rules. We reverse the judgment of the court of appeals, and render judgment disbarring Kilpatrick.

Bill Camp, a Houston attorney, suffered brain damage during a routine medical procedure on June 13, 1989. A week later, on June 20, his wife was appointed as his temporary guardian. On September 1, 1989, she became his permanent guardian.

Kilpatrick visited Camp at the Texas Institute for Research and Rehabilitation on July 19, 1989. During this meeting, Kilpatrick obtained Camp's signature on a power of attorney, which purported to authorize Kilpatrick to represent Camp in a medical malpractice claim. Only Kilpatrick and Camp were present, and neither Camp, his family, nor any legal representative requested or authorized Kilpatrick's visit. Kilpatrick later testified he knew Camp only as a "brother in the bar," that they had not been close friends or socialized together, and that their only previous acquaintance had been as opposing counsel on some criminal cases. He said that he had heard of Camp's misfortune through a law firm that, in turn, had learned the news from the emergency room physician on duty at the time of Camp's injury. Kilpatrick learned of Camp's location by calling Camp's office.

On July 21, 1989, two days after Kilpatrick obtained Camp's signature, Hornbuckle & Montgomery, the firm that had contacted Kilpatrick, filed a malpractice lawsuit against the doctors who treated Camp. When Ms. Camp learned of Kilpatrick's actions, she told Kilpatrick that the power of attorney was invalid, that she was Camp's guardian, and that Bill Camp was in no condition to retain a lawyer. Ms. Camp also hired a probate lawyer, Robert McIntyre, to assist her with the guardianship.

At Ms. Camp's behest, McIntyre went to Kilpatrick's office and demanded that Kilpatrick relinquish any claim to represent Camp under the power of attorney. Kilpatrick refused, and insisted on a referral fee. When McIntyre repeated his demand to Kilpatrick in a letter dated October 6, 1989, Kilpatrick demanded $277,000.00 in exchange for his release.

As guardian, Ms. Camp filed a Tex. R.Civ.P. 12 Motion for Attorney to Show Authority with the probate court concerning Kilpatrick's power of attorney. On November 17, 1989, the probate court determined that Camp was mentally incompetent on the date he signed the power of attorney, and that Kilpatrick had no authority to represent him.[1] The probate court also directed Kilpatrick to reimburse Ms. Camp for the attorneys' fees she had incurred as a result of his actions. On December 8, 1989, the same day the court issued its order, Kilpatrick appeared at McIntyre's office with an unfiled Motion to Recuse the probate judge. Kilpatrick threatened to file the motion unless Ms. Camp paid him the requested referral fee.

In April 1991, the State Bar filed a disciplinary action against Kilpatrick, charging him with violations of five disciplinary rules. At trial, the jury found that Kilpatrick (1) initiated contact with a prospective client for the purpose of obtaining employment, (2) engaged in conduct involving dishonesty, deceit, or misrepresentation, and (3) with intent to obtain an economic benefit to himself, solicited employment for himself to prosecute or collect a claim. On March 13, the trial court rendered judgment on the verdict, disbarring Kilpatrick.

The court of appeals reversed the trial court's judgment and remanded for new trial on two grounds. 869 S.W.2d 361. First, the court of appeals held that the trial court had erroneously permitted the State Bar to amend its pleadings at trial to include an allegation of barratry. *Id.* at 364. Second, the court held that the trial court abused its discretion in ordering disbarment based on a single act of solicitation. *Id.* at 366. We disagree with the court of appeals on both counts.

The State Bar's expert witness, Fred Hagans, testified on the issue of barratry, first during cross-examination by Kilpatrick's attorney, and then on redirect examination. At the subsequent charge conference, the State Bar requested a trial amendment alleg-

---

1. Some time after the court held Kilpatrick was disqualified, Ms. Camp retained Richard Mithoff to handle the malpractice claim. Mithoff eventually reached a settlement with Camp's doctors.

ing barratry as defined in TEX.PENAL CODE ANN. § 38.12(a) (Vernon Supp.1993), *reprinted in* TEX.PENAL CODE ANN. § 38.12 note (Vernon Supp.1994) (Historical and Statutory Notes), *amended ,by* TEX.PENAL CODE ANN. § 38.12(a) (Vernon Supp.1994). Over Kilpatrick's objection, the trial court permitted the trial amendment, and included the issue in the charge.

■■■ If evidence is objected to at trial on the ground that it is not within the issues made by the pleadings, the court *may* allow the pleadings to be amended and *shall* do so freely when the presentation of the merits will be subserved thereby and the objecting party fails to satisfy the court that the amendment would prejudice that party in maintaining the action or defense on the merits. TEX.R.CIV.P. 66 (emphasis supplied). A court may not refuse a trial amendment unless (1) the opposing party presents evidence of surprise or prejudice, or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face. *Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990). The burden of showing surprise or prejudice rests on the party resisting the amendment. *Id.* If the trial amendment is not mandatory, then the decision to permit or deny the amendment rests within the sound discretion of the trial court. TEX.R.CIV.P. 66; *Greenhalgh,* 787 S.W.2d at 939. In such a case, the court's decision to allow or deny a trial amendment may be reversed only if it is a clear abuse of discretion. *Hardin v. Hardin,* 597 S.W.2d 347, 349–50 (Tex.1980).

■■■ The court of appeals held that the trial amendment alleging barratry was "prejudicial on its face" because it added a new cause of action. 869 S.W.2d at 365. In so doing the court of appeals effectively held that all nonmandatory trial amendments under Rule 66 must be rejected. To the contrary, we hold that the decision to grant or deny the trial amendment was discretionary, and under the circumstances the trial court did not abuse that discretion.

The trial amendment added an additional cause of action to the extent it alleged another ground of attorney misconduct under former Article X, section 7 of the STATE BAR RULES. *See also* TEX.R.DISCIPLINARY P. 1.06(Q) (1992), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G, app. A–1 (Vernon Supp. 1994) (current version of same rule). The initial pleadings alleged multiple forms of attorney misconduct in violation of STATE BAR RULES art. X, § 7(1), which is a general prohibition concerning acts or omissions that violate the Texas Code of Professional Responsibility. The trial amendment added an allegation under a different subdivision of the same article and section of the disciplinary rules. STATE BAR RULES art. X, § 7(5) ("engaging in conduct that constitutes barratry as defined by [TEX.PENAL CODE ANN. § 38.-12(a) (Vernon Supp.1993) ]"). *See also* TEX.R.DISCIPLINARY P. 1.06(Q)(5) (1992) (current version).

The central allegation in the State Bar's initial complaint was that Kilpatrick violated former TEX.CODE PROFESSIONAL RESPONSIBILITY DR 2–103(D)(1), which prohibited attorneys from initiating contact with prospective clients for the purpose of obtaining employment if the lawyer knew or reasonably should have known the person could not have exercised reasonable judgment in employing a lawyer. *See also,* TEX.DISCIPLINARY R.PROF.CONDUCT 7.02 (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon Supp.1994) (STATE BAR RULES art. X § 9). Former DR 2–103(D)(1) shares common elements with the criminal offense of barratry,[2] and the evidence presented at trial supported discipline under either theory. Thus, the trial court, in its discretion, could reasonably have concluded that the trial amendment did not impair Kilpatrick's ability to present his defense. We therefore hold that the trial amendment did not involve the kind of calculated surprise or unfair prejudice that would render it an abuse of discretion.

■■■ The court of appeals further based its reversal on the fact that Kilpatrick had not

---

**2.** Barratry is the solicitation of employment to prosecute or defend a claim with intent to obtain a personal benefit. TEX.PENAL CODE ANN. § 38.-

12(a)(3) (Vernon Supp.1993), *amended by* TEX.PENAL CODE ANN. § 38.12(a) (Vernon Supp.1994).

been convicted of barratry in criminal proceedings: "[T]here was no criminal prosecution, yet, the State Bar obtained a finding of criminal wrongdoing without the hardship of the higher burden of proof which is necessary for a conviction." 869 S.W.2d at 365. The court of appeals erred, however, in its assumption that an attorney may not be disciplined for barratry in civil proceedings without first being convicted in criminal proceedings. While barratry is a crime for which an attorney may be prosecuted, a criminal prosecution is not a prerequisite to disciplinary proceedings based on that offense. TEX.GOV'T CODE ANN. § 82.062 (Vernon 1988) ("Any attorney who is guilty of barratry ... may be [disciplined] ... regardless of whether the attorney is being prosecuted for, or has been convicted of the offense."). Thus, we hold that the trial amendment resulted in no unfair prejudice, and was clearly within the trial court's discretion.

The court of appeals also concluded that the trial court's judgment should be reversed because the sanction of disbarment was so disproportionate to Kilpatrick's misconduct that it constituted an abuse of discretion. 869 S.W.2d at 366. We disagree.

The court of appeals characterized Kilpatrick's misconduct as an "isolated act of solicitation." Comparing it to other reported disciplinary cases in which the attorney misconduct "was much more egregious but in which the appellate court approved lesser sanctions," the court concluded that the sanction of disbarment was "so heavy" as be an abuse of discretion. 869 S.W.2d at 366.

■■■ The judgment of a trial court in a disciplinary proceeding may be so light, or so heavy, as to constitute an abuse of discretion. *See State v. Ingram,* 511 S.W.2d 252, 253 (Tex.1974). At the same time, the trial court has broad discretion to determine whether an attorney guilty of professional misconduct should be reprimanded, suspended, or disbarred. *Id.; State v. O'Dowd,* 158 Tex. 348, 312 S.W.2d 217, 221 (Tex.1958). In determining the appropriate sanction for attorney misconduct, a trial court must consider the nature and degree of the professional misconduct, the seriousness of and circumstances surrounding the misconduct, the loss or damage to clients, the damage to the profession, the assurance that those who seek legal services in the future will be insulated from the type of misconduct found, the profit to the attorney, the avoidance of repetition, the deterrent effect on others, the maintenance of respect for the legal profession, the trial of the case, and other relevant evidence concerning the attorney's personal and professional background. TEX.R.DISCIPLINARY P. 3.10 (1992). The court may, in its discretion, hold a separate evidentiary hearing and take evidence on these issues. *Id.*

■ The sanction of disbarment does not turn on whether an attorney has engaged in a single act, as opposed to repeated and systematic pattern, of misconduct. Under Disciplinary Rule 3.10, a multitude of factors must be considered. In light of the facts and circumstances presented, we cannot say that the trial court abused its discretion, and we disagree with the court of appeals that the sanction of disbarment is disproportionate to Kilpatrick's misconduct.

We therefore grant the application of the State Bar and, without hearing argument, a majority of the court reverses the judgment of the court of appeals, and renders judgment disbarring Donald Kilpatrick. TEX. R.APP.P. 170.