Opinion issued October 9, 2003















In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01010-CV




NGA NGUYEN, Appellant

V.

MERITEX INVESTMENTS, INC., Appellees

and

LIEN NGUYEN, CNL INVESTMENTS AND FINANCIAL
SERVICES, INC., AND CHUONG PHAM, Appellants

V.

MERITEX INVESTMENTS, INC.
AND AMERICAN FIRST NATIONAL BANK, Appellees




On Appeal from the 234th District Court
 Harris County, Texas
Trial Court Cause No. 2000-50984




MEMORANDUM OPINION
          This appeal involves the ownership of the Glenbrook Valley Apartments and
property allegedly left in the Apartments. We affirm.
Facts
          Appellant Nga Nguyen was the original owner of the Glenbrook Apartments. 
In August 1998, Nga conveyed the Apartments to appellant CNL Investments and
Financial Services, Inc. The original officers of CNL were Nga (vice president and
treasurer), his wife Lien Nguyen (secretary), and Lien’s brother, Chuong Pham
(president). Before CNL acquired the Apartments, the officers changed to Sang
Nguyen (president), Nga (vice president), Lien (secretary), and Thao Nguyen
(treasurer).
          On June 23, 1999, Nga signed a deed in his capacity as CNL’s vice president
that conveyed the Apartments to Lien. On February 25, 2000, Lien conveyed the
Apartments to Chuong. On May 16, 2000 and allegedly without any knowledge that
the Apartments had been sold, Sang signed a deed in his capacity as CNL’s president
that conveyed the Apartments to American First National Bank. On June 30, 2000,
the Bank conveyed the Apartments to Meritex Investments, Inc.
          Meritex filed a declaratory judgment action to quiet title to the Apartments and
to enjoin Nga from entering the Apartments to collect rents. CNL and Lien
intervened in the lawsuit and brought the Bank in as a third-party defendant. Nga
filed a counterclaim against Meritex for allegedly converting his personal property
located at the Apartments.
          After a jury trial, the trial court rendered judgment that (1) nullified the June
23, 1999 conveyance from Nga to Lien, (2) nullified the February 25, 2000
conveyance from Lien to Chuong, (3) validated the May 16, 2000 conveyance from
Sang to the Bank, (4) validated the June 30, 2000, conveyance from the Bank to
Meritex, (5) awarded Meritex $380 in actual damages from Nga, (6) awarded Meritex
$119,500 in attorney’s fees from Nga, Lien, Chuong, and CNL, (7) awarded the Bank
$30,000 in attorney’s fees from Nga, Lien, Chuong, and CNL, (8) enjoined Nga from
entering the Apartments, and (9) awarded a take-nothing judgment to Nga, Chuong,
Lien, and CNL on their conversion and trespass-to-try-title claims.
Appeal Concerning Conversion of Personal Property
          Nga appeals the take-nothing judgment on his claim that Meritex converted his
personal property at the Glenbrook Valley Apartments. His sole issue is that the
evidence is factually insufficient. When reviewing a jury verdict to determine the
factual sufficiency of the evidence, we must consider and weigh all the evidence, and
should set aside the judgment only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986); see also Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). The
elements on conversion submitted to the jury included whether (1) Nga actually
owned the property, (2) Nga demanded that the property to be returned, and (3)
Meritex failed to return the property. See generally Waisath v. Lack’s Stores, Inc.,
474 S.W.2d 444, 446 (Tex. 1971) (defining conversion as “the wrongful exercise of
dominion and control over another’s property in denial of or inconsistent with his
rights.”).
          Nga offered evidence that Meritex knew of his claim of ownership concerning
personal property allegedly left at the Apartments after the Meritex purchase and that
Nga continued to enter the property after the Meritex purchase. There is also
evidence that Meritex observed some property left in certain areas of the Apartments. 
However, Meritex argued that Nga was not in legal possession of the disputed
property at the time of the Meritex purchase. The evidence also indicates that some
of the disputed property was actually the personal property of Lien or Lin Vo, not
Nga, and that Nga was not the tenant of the apartment in which the disputed property
was allegedly left.
          Nga presented evidence that a demand was faxed to Meritex concerning items
left in the Apartments. There is also evidence that Nga’s original demand was
inconsistent with some items of the disputed personal property that he later claimed. 
          Nga’s claim that Meritex refused to return the disputed property is premised
on the property’s still being located at the Apartments at the time of trial. However,
there was evidence that, when counsel for Nga and Meritex arranged for Nga to
retrieve personal property, Nga did not demand the allegedly converted property, nor
did Meritex refuse to return the property.
          Based on the record, we cannot say that the evidence supporting the take-nothing judgment on the conversion ground is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. We overrule Nga’s sole
issue.
Appeal Concerning Ownership
of Glenbrook Valley Apartments
          Lien, CNL, and Chuong appeal the portion of the trial court’s judgment (1)
voiding the July 23, 1999 conveyance of Glenbrook from CNL to Lien (signed by
Nga as vice presedent of CNL), (2) voiding the February 25, 2000 conveyance of
Glenbrook from Lien to Chuong, (3) validating the May 16, 2000 conveyance of
Glenbrook from CNL to the Bank (signed by Sang as president of CNL), (4)
validating the June 30, 2000 conveyance of Glenbrook from the Bank to Meritex, (5)
declaring that Meritex is the fee simple owner of Glenbrook, and (6) awarding the
Bank and Meritex attorney’s fees from Lien and Chuong. Lien, CNL, and Chuong
challenge that portion of the judgment in four issues.
          In issue one, Lien, CNL, and Chuong broadly ask, “Was the trial court wrong
in preventing the appellants by pleadings, jury questions, and evidence from attacking
the validity of the deed from CNL to the bank?” As best as we can discern, Lien’s,
CNL’s, and Chuong’s specific allegations of trial-court error are that the trial court
erred in (1) not allowing the jury to hear evidence concerning the authority of CNL’s
president to execute a deed for the corporation, (2) denying a motion by CNL to file
a trial amendment verifying a denial of the execution of the May 16, 2000
conveyance of Glenbrook from CNL to the Bank, and (3) refusing requested jury
instructions regarding the authority of CNL’s president to execute deeds. Lien, CNL,
and Chuong claim that the Bank was negligent in not investigating Sang’s authority
as president of CNL to sign the deed, but they do not link this negligence claim to any
alleged trial-court error.
          The standard of review for a trial court’s refusal of a trial amendment is abuse
of discretion. State Bar v. Kilpatrick, 874 S.W.2d 656, 658 (Tex. 1994). The Bank
objected to the trial amendment based on surprise, explaining the difference between
(1) the pleaded allegations that Sang was not CNL’s president at the time of the May
16, 2000 conveyance of Glenbrook from CNL to the Bank and (2) the allegation that
CNL’s president, regardless of the particular individual, had no authority to execute
a deed. See id. at 658; see also Tex. R. Civ. P. 66 (trial amendments). At trial, Lien,
CNL, and Chuong did not challenge the Bank’s assertion and explanation that it was
surprised.
          Based on the record, we hold that the trial court did not abuse its discretion in
refusing the trial amendment. We also hold that the trial court did not err in not
allowing the jury to hear evidence concerning the authority of CNL’s president to
execute a deed for the corporation, because the evidence was not relevant to the
issues raised in Lien’s, CNL’s, and Chuong’s pleadings. Finally, we do not reach the
propriety of the trial court refusing requested jury instructions one and two regarding
the authority of CNL’s president to execute deeds, because the record does not
contain copies of these instructions marked “refused” and signed by the trial court. 
See Tex. R. Civ. P. 276 (party requesting instruction may appeal trial court’s refusal
of instruction without preparing formal bill of exceptions if trial court endorses
“refused” on tendered instruction and signs it).
          We overrule issue one.
          In issue two, Lien, CNL, and Chuong challenge the trial court’s award of
attorney’s fees to the Bank and Meritex. We hold that Lien, CNL, and Chuong have
waived their complaint against Meritex, because they failed to object and obtain an
adverse ruling in the trial court. See Tex. R. App. P. 33.1(a). Although Lien, CNL,
and Chuong challenged the factual sufficiency of the award of attorney’s fees to
Meritex in their motion for new trial, they did not object to the award based on the
total absence of a statutory or common-law basis for awarding attorney’s fees.


 
Chuong also complains on appeal that he should not be liable for attorney’s fees to
either the Bank or Meritex, because there was no jury finding against him. We hold
that Chuong has waived this complaint because he failed to object and obtain an
adverse ruling in the trial court. See Tex. R. App. P. 33.1(a).
          We now consider whether the trial court erred in awarding attorney’s fees to
the Bank from Lien, CNL, and Chuong on the narrow basis they preserved in their
motion for new trial: “There is no legal basis for the judgment’s award of any
attorney’s fees to [the Bank].” The Bank relied on the Uniform Declaratory Judgment
Act as the basis for its claim of attorney’s fees. See Tex. Civ. Prac. & Rem. Code
Ann. § 37.009 (Vernon 1997). Without citations to the record or to relevant case law,
Lien, CNL, and Chuong summarily state, “the bank prayer for declaratory relief was
alternative to its primary claim, and that alternative relief was never granted to the
bank. The bank’s pleadings and the record don’t invoke the Declaratory Judgment
Act for the bank as a vehicle for attorney’s fees.” We hold that this argument is
insufficient and that Lien, CNL, and Chuong have waived their complaint about
attorney’s fees awarded to the Bank. See Tex. R. App. P. 38.1(h) (appellant’s brief
must contain clear and concise argument for contentions made, with appropriate
citations to authorities and to record); Harris County Mun. Util. Dist. No. 48 v.
Mitchell, 915 S.W.2d 859, 866 (Tex. App.—Houston [1st Dist.] 1995, writ denied).
          We overrule issue two.
          In issues three and four, Lien, CNL, and Chuong claim that the judgment
incorrectly declared that the transfers of Glenbrook Valley Apartments from CNL to
Lien (issue three) and from Lien to Chuong (issue four) were fraudulent. Because the
only objections that Lien, CNL, and Chuong made in the trial court were in their
motion for new trial and were based on factual sufficiency, their complaint on appeal
is limited to factual-sufficiency review.
          When reviewing a jury verdict to determine the factual sufficiency of the
evidence, we must consider and weigh all the evidence, and should set aside the
judgment only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Cain, 709 S.W.2d at 176. The jury charge set forth the
statutory requirements of Business and Commerce Code section 24.005 regarding
fraudulent transfers to present and future creditors, but in their brief, Lien, CNL, and
Chuong do not apply the test for determining factual insufficiency to the statutory
elements. Tex. Bus. & Com. Code Ann. § 24.005 (Vernon 2002). Their brief
contains one page of argument concerning issue three and one and one-half pages
concerning issue four. The Bank and Meritex have seven pages of argument on issue
three and seven pages on issue four, in which they marshal the evidence to
demonstrate that the judgment is factually sufficient to meet the statutory
requirements of Business and Commerce Code section 24.005. We summarize that
evidence below.
          Considerable evidence supports the finding that the first purported conveyance,
from CNL to Lien on July 23, 1999, was a fraudulent transfer as defined by Business
and Commerce Code section 24.005: (1) the conveyance was made to an insider, i.e.,
Lien, who was an original incorporator of CNL, CNL’s secretary, and the wife of
CNL’s vice president, Nga (section 24.005(b)(1)); (2) CNL retained possession of the
property after the conveyance, and the Apartments continued to be operated by Nga
(section 24.005(b)(2)); (3) the conveyance was concealed, e.g., the conveyance was
not disclosed to Sang, CNL’s president, who subsequently conveyed the property to
the Bank on CNL’s behalf without knowledge of the prior conveyance (section
24.005(b)(3)); (4) the conveyance was made to avoid CNL’s economic troubles with
the Palm Bluff Apartments mortgage (section 24.005(b)(4)); (5) the conveyance
constituted substantially all of CNL’s assets (section 24.005(b)(5)); (6) no
consideration was paid for the conveyance (section 24.005(b)(8)); (7) CNL was
insolvent before the conveyance (section 24.005(b)(9)); and (8) CNL incurred
substantial debts before the purported conveyance (section 24.005(b)(10)).
          Lien, CNL, and Chuong contest only two of the factors enumerated in Business
and Commerce Code section 24.005(b). First, they argue that lack of consideration
is only one factor to be considered with regard to the issue of fraudulent transfer. 
Second, Lien, CNL, and Chuong point out that CNL still owned the Palm Bluff
Apartments at the time of the July 23, 1999 conveyance, so CNL was not insolvent
at that time. The City of Pasadena foreclosed on the Palm Bluff Apartments on
March 7, 2000.
          Considerable evidence supports the finding that the second purported
conveyance, from Lien to Chuong on February 25, 2000, was a fraudulent transfer as
defined by Business and Commerce Code section 24.005: (1) the conveyance was
made to an insider, i.e., Chuong, who was CNL’s original president and Lien’s
brother (section 24.005(b)(1)); (2) the Apartments continued to be operated by Nga,
Chuong needed Nga’s permission to sell the Apartments for five years after the
conveyance, and Lien and Nga maintained an absolute right to buy the Apartments
back from Chuong for five years after the conveyance (section 24.005(b)(2)); (3) the
conveyance was made to avoid economic trouble for Lien and Nga, as they had
personally guaranteed CNL’s mortgage on the Palm Bluff Apartments (section
24.005(b)(4)); (4) no consideration was paid for the conveyance (section
24.005(b)(8)); and (5) Lien and Nga were insolvent before the conveyance (section
24.005(b)(9)).
          Lien, CNL, and Chuong argue that there was consideration for the 2000
conveyance in the form of cancellation of debt that Lien owed her brother Chuong. 
There is evidence of Lien’s indebtedness to Chuong, but Chuong also testified that
the conveyance was a family deal and that he “didn’t pay anything.”
          After examining all the evidence, we cannot say that the evidence supporting
the judgment on the fraudulent-conveyance ground is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule
issues three and four.



 
Conclusion
          We affirm the judgment of the trial court.
 
 
Adele Hedges
Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.