**AFFIRM; and Opinion Filed July 8, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00238-CV

### RAUL H. LOYA, Appellant
### V.
### COMMISSION FOR LAWYER DISCIPLINE, Appellee

### On Appeal from the 192nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-13-03536

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Bridges

Raul H. Loya appeals the trial court's summary judgment suspending him from the practice of law for ninety days. In three issues, Loya argues fact issues exist on the question of whether he met his responsibility to keep his client reasonably informed about the status of his case and to promptly comply with reasonable requests for information; summary judgment was improper on the issue of whether Loya responded timely to his client's complaint; and the three-month suspension imposed on him was an abuse of discretion. We affirm the trial court's judgment.

In March 2013, the Commission for Lawyer Discipline filed its original discipline petition against Loya. The petition alleged Loya was hired on February 22, 2012, to represent Alan Nicholson in a lawsuit alleging retaliation/discrimination/hostile work environment following Nicholson's sexual harassment claim. The petition alleged Loya failed to file a

lawsuit on behalf of Nicholson and failed to respond to Nicholson's requests for information regarding the status of the matter. The petition alleged the complaint that formed the basis of the disciplinary petition was filed by Nicholson on or about July 5, 2012. The petition alleged that, on July 27, 2012, the Office of the Chief Disciplinary Counsel sent Loya notice and a copy of the complaint by certified mail, and they were received on July 30, 2012. The notice advised Loya that he was required to file a written response to the complaint against him within thirty days. Loya failed to file a timely response. The petition requested that the trial court discipline Loya "as the facts shall warrant."

In August 2013, the Commission filed a motion for partial summary judgment alleging Loya neglected Nicholson's case by failing to perform any legal services. In its motion for partial summary judgment, the Commission argued Nicholson was forced to file his own charge of discrimination in order to meet the filing deadline. Nicholson terminated Loya's representation and filed a complaint with the State Bar of Texas. Following an investigation, the State Bar determined there was just cause to believe Loya committed one or more acts of professional misconduct: failing to timely respond to the filing of Nicholson's complaint, failing to keep Nicholson reasonably informed about the status of his case and comply with reasonable requests for information, and neglecting Nicholson's case.

The Commission's motion was supported by the affidavit of Robin Landis, a senior investigator with the Chief Disciplinary Counsel's Office of the State Bar of Texas. Landis stated that he sent Loya a letter on July 27, 2012 containing a copy of Nicholson's complaint. The letter directed Loya to respond within thirty days of receiving the letter. The domestic return receipt showed Loya received the letter on July 30, 2012. On August 29, 2012, Landis sent Loya a letter stating the deadline for Loya's response was August 29, and Landis had not received a response or a request for an extension of time. The next day, as a courtesy, Landis

emailed and faxed the August 29 letter to Loya. On August 31, 2012, Landis received a letter from Loya requesting a three-week extension of time for filing a response. Landis notified Loya that his request for an extension was late and, therefore, denied. On October 10, 2012, after investigating the complaint against Loya and receiving no response from Loya, Landis determined there was just cause to conclude that Loya had committed professional misconduct. On October 18, 2012, Landis arrived at his office and discovered a faxed response from Loya that had come in at 5:00 p.m. the day before. The response did not assert a privilege or other legal ground for failure to timely respond.

The Commission's motion was also supported by Nicholson's affidavit stating he paid Loya a $10,000 retainer and signed a contract on February 22, 2012. Before hiring Loya, Nicholson spoke to Loya on the telephone "a number of times." However, between the time Nicholson hired Loya and the time he fired Loya, Nicholson called Loya thirteen times. Each time, Nicholson left a message and asked Loya to return the call. Loya did not return any of the calls. Nicholson also emailed Loya eight times asking about his case and asking Loya to call. Loya responded to two of the emails and said he would call the next day, but he did not call. Nicholson visited Loya's office four times, but each time Nicholson was told Loya was not at the office. On June 7, 2012, Nicholson sent Loya a letter terminating Loya's services and requesting a refund. A month later, Nicholson received from Loya a copy of a petition Loya said he prepared.

Loya filed a response asserting he met with Nicholson "at least ten times, probably more." Within four days of contracting, Nicholson "wanted to speak further calling three consecutive times to 'check status.'" Loya did not state in his response whether he actually spoke to Nicholson. Loya's response stated Nicholson did not know whether he left a message on February 27, 28, and 29, 2012. Nicholson called Loya ten days later, on March 9, but "did

not have a question and had no new evidence." According to Loya, the telephone record showed a "one minute phone call and Nicholson [did] not know whether he left a message." Referring to Nicholson's deposition testimony, Loya asserted Nicholson "called again and he testifie[d] that he [did] not know whether [sic] left a message or had a question that needed to be answered."

In support of his response, Loya filed a "declaration" claiming he spoke with Nicholson "on numerous occasions" regarding his case. Loya described the weakness of Nicholson's case and Loya's opinion that the case "had no chance of success." Loya claimed he "communicated with [Nicholson] in person during meetings at [Loya's] office." Loya claimed to have "received no phone messages or voicemails from Nicholson during the time [Loya] represented him." As to the timeliness of Loya's response to the State Bar's complaint, Loya cited rule 2.09c of the Rules of Disciplinary Procedure, providing an additional three days to prescribed periods where notice is served upon a party by mail. *See* Tex. Rules Disciplinary P. R. 2.09(C), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A-1 (West 2013). Thus, Loya argued, he had an additional three days in which to respond to the State Bar complaint. Loya argued the response was due on August 29, 2012. Adding three days extended the time for response until September 1, a Saturday, and Loya argued he therefore had until the following Monday, September 3, 2012, to file a request for an extension of time to file a response.

On December 26, 2013, the trial court entered partial summary judgment in favor of the Commission as to Texas disciplinary rules of professional conduct 1.03(a) and 8.04(a)(8). The Commission sought and was granted a nonsuit regarding rule 1.01(b)(1). On January 27, 2014, the trial court conducted a sanctions hearing at which the Commission introduced evidence Loya had received three disciplinary sanctions for similar professional misconduct in the previous year. On January 31, 2014, the trial court entered judgment suspending Loya from the practice of law in Texas for ninety days. This appeal followed.

In his first issue, Loya argues fact issues precluded summary judgment on the claim that he violated rule 1.03(a), which requires a lawyer to keep his client reasonably informed about the status of his case and to promptly comply with reasonable requests for information. Specifically, Loya argues Nicholson's phone records and email records create a fact issue. Loya claims the records "show that Loya communicated with Nicholson throughout the representation and that after each communication Nicholson receded for a spell in a matter [sic] that indicates that he was satisfied with the communication." Loya further argues his own testimony creates a fact issue whether Loya communicated with Nicholson during the representation through in-person visits at Loya's office.

We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). A party moving for traditional summary judgment has the burden to establish that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The movant bears the burden of proof, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movants favor. *Grant*, 73 S.W.3d at 215; *Nixon*, 690 S.W.2d at 549. When the trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *See Provident Life*, 128 S.W.3d at 216.

Rule 1.03(a) requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a).

At the outset, we note Loya did not raise in his response to the Commission's motion for summary judgment the argument that, after each phone call Nicholson "receded," indicating Nicholson was satisfied with the communication. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. TEX. R. CIV. P. 166a(c). Moreover, Loya's argument ignores Nicholson's affidavit stating he spoke with Loya on the telephone "a number of times" before paying Loya a $10,000 retainer but never spoke to Loya on the telephone again during the representation. Loya's attempt to show Nicholson was satisfied with Loya's representation based on the time that passed between Nicholson's phone calls also ignores Nicholson's eight emails, all of which show Nicholson had questions about the representation and was frustrated with Loya's lack of communication. Loya responded to two of the emails with promises to call that went unfulfilled. Nicholson terminated the representation a little over three months after it began. Further, we note that the phone calls Loya cites are two five-minute calls and two two-minute calls initiated by Nicholson, among other calls of unspecified length. Nicholson testified he called and left messages, which is consistent with the brevity of the calls. Also of note is the fact Loya cites no calls initiated by him. We conclude the period of time that passed between Nicholson's attempts to contact Loya by telephone do not create a fact issue as to whether Loya kept Nicholson reasonably informed about the status of his case or complied with Nicholson's requests for information.

To the extent Loya argues his "declaration" that he "communicated with [Nicholson] in person during meetings at [Loya's] office" raises a fact issue, we disagree. Although Loya

argues in his brief that he is not "talking about the period before he and Nicholson signed the contract or after Nicholson's termination of Loya," the "declaration" itself fails to make this clarification. Further, even assuming Loya "communicated" with Nicholson at some point during the representation, the existence of such unspecified "communication" does not raise a fact issue as to whether Loya kept Nicholson reasonably informed about the status of his case or complied with Nicholson's requests for information. The record remains clear that Nicholson received no meaningful response to any of his emails, and Loya did not respond to any of Nicholson's phone calls. We conclude the trial court properly granted summary judgment on the issue of whether Loya violated rule 1.03(a). *See Grant*, 73 S.W.3d at 215; *Nixon*, 690 S.W.2d at 548-49. We overrule Loya's first issue.

In his second issue, Loya argues fact issues precluded summary judgment on the Commission's claim Loya violated rule 8.04(a)(8), requiring a lawyer to timely furnish to the Chief Disciplinary Counsel's office a response or information as required by the Texas Rules of Disciplinary Procedure. Specifically, Loya claims rule 2.09(C) of the rules of disciplinary procedure adds three days to prescribed periods where notice is served upon a party by mail. *See* Tex. Rules Disciplinary P. R. 2.09(C). As he argued in response to the Commission's motion for summary judgment, Loya argues his response was due on August 29, 2012, and the additional three days extended the time until September 1, a Saturday. Because Monday, September 3, was Labor Day, Loya therefore had until Tuesday, September 4, 2012, to file a request for an extension of time. Thus, Loya argues, his motion for an extension of time received on August 31, 2012, was timely.

Rule 2.09C provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed after the service of a notice or other paper upon the party in the notice or paper is served upon the party by mail or telephonic document transfer, three days shall be added to the prescribed period.

Tex. Rules Disciplinary P. R. 2.09(C). Thus, rule 2.09(C) adds three days to a prescribed period beginning after service of a notice or other paper by mail or telephonic document transfer. *See id.* Assuming Loya's motion for an extension of time, received on August 31, 2012, was timely, the motion did not constitute a response under rule 8.04(a)(8). The motion requested a three-week extension of time to file a response, but Loya failed to file a response within the time requested. His response, faxed at 5 p.m. on October 17, 2012, was untimely. Under these circumstances, summary judgment was proper on the issue of whether Loya violated rule 8.04(a)(8). We overrule Loya's second issue.

In his third issue, Loya argues the three-month suspension imposed against him is "so heavy as to constitute an abuse of discretion." In making this argument, Loya only argues the severity of the suspension in connection with a violation of rule 8.04(a)(8). A trial court has broad discretion to determine whether an attorney guilty of professional misconduct should be reprimanded, suspended, or disbarred. *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex. 1994). The court's decision should be reversed only where it is unreasonable or arbitrary or was made without reference to guiding rules and principles. *McIntyre v. Comm'n for Lawyer Discipline*, 169 S.W.3d 803, 815 (Tex. App.—Dallas 2005, pet. denied). Loya does not address the trial court's discretionary imposition of a three-month suspension as a penalty for Loya's violation of rule 1.03(a). *See Fredonia State Bank v. Am. Life Ins.*, 881 S.W.2d 279, 284 (Tex. 1994) (error may be waived by inadequate briefing). We conclude the trial court did not abuse its discretion in suspending Loya for three months after Loya entirely failed to communicate with Nicholson, keep Nicholson informed about the status of his case, or respond to Nicholson's requests for information. *See Kilpatrick*, 874 S.W.2d at 659. We overrule Loya's third issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

140238F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RAUL H. LOYA, Appellant

No. 05-14-00238-CV        V.

COMMISSION FOR LAWYER
DISCIPLINE, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-03536.
Opinion delivered by Justice Bridges.
Justices Fillmore and Brown participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee COMMISSION FOR LAWYER DISCIPLINE recover its
costs of this appeal from appellant RAUL H. LOYA.

Judgment entered this 8th day of July, 2015.