**Fourth Court of Appeals**
**San Antonio, Texas**


## MEMORANDUM OPINION

No. 04-18-00205-CV

Trece **MEUTH**,
Appellant

v.

**CITY OF SEGUIN**,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 14-0546-CV-A
Honorable William Old, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2019

REVERSED AND REMANDED

In her second appeal, Trece Meuth appeals from the trial court's judgment granting the City of Seguin's second plea to the jurisdiction and dismissing all of Meuth's live claims. We reverse the trial court's judgment and remand to the trial court for further proceedings.

### BACKGROUND

Trece Meuth is the fee simple owner of 628 Gloria Drive, Lots 7 and 8, Block 1, in the City of Seguin, Texas (the "Property"). The Property is located in the River Oaks Terrace subdivision and backs up to the Guadalupe River. The City annexed the subdivision in 1965 and a residence

was built on the Property in 1974. A steel drainage pipe runs underneath the residence and funnels storm water from a concrete inlet at the street underneath the Property and into the Guadalupe River. Meuth purchased the Property in 2012.

In 2014, Meuth sued the City seeking monetary damages, declaratory relief, and injunctive relief because the flow of storm water from the subdivision through the drainage pipe culvert under her home has caused soil erosion and instability on her Property. Meuth alleged that she contacted the City about the drainage problem in March 2012 while she was negotiating the purchase of the Property and informed the City that the drainage culvert was located outside the City's easement. Meuth further alleged that, at the time, the City acknowledged responsibility for the storm water drainage culvert and promised to "repair the property by filling in the culvert, replacing the lost soil, and building a new drainage culvert in a location with a legal easement." In response to Meuth's lawsuit, the City filed a plea to the jurisdiction claiming immunity from the suit. The trial court granted the City's plea and dismissed Meuth's claims for an unconstitutional taking, a declaratory judgment, intentional and negligent misrepresentations, fraud in a real estate transaction, and gross negligence. Meuth's remaining claim for injunctive relief was severed into a separate cause of action. Meuth appealed.

Our prior opinion held that Meuth failed to plead a valid takings claim because her petition did not allege an affirmative, intentional act by the City that resulted in the Property being taken for public use; rather, her takings claim was based on the City's failure to take action, i.e., its failure to repair and replace the drainage culvert. *Meuth v. City of Seguin*, No. 04-16-00183-CV, 2017 WL 603646, at *2-4 (Tex. App.—San Antonio Feb. 15, 2017, pet. denied) (mem. op.) (referred to as "*Meuth I*"). As to Meuth's declaratory judgment claim, we held it was an impermissible attempt to obtain monetary damages because she sought to "hold the City 'liable' for the costs associated with removing the drainage culvert and restoring the property." *Id.* at *5.

With respect to Meuth's other claims, we held the City was immune from those claims and that its refusal to repair and replace the drainage culvert was a governmental function for which immunity is not waived. *Id.* at \*6-7. We therefore affirmed the trial court's grant of the City's plea to the jurisdiction. *Id.* at \*9. We explicitly stated that Meuth's remaining claim for injunctive relief had been severed and was not before us. *Id.* at \*1 & n.1.

After *Meuth I* became final, the City filed a second plea to the jurisdiction in the severed cause of action, trial court no. 14-0546-CV-A, in which Meuth's injunctive relief claim remained pending. The City asserted the *Meuth I* opinion was now "law of the case" and required dismissal of Meuth's remaining claim. On the same day, Meuth filed a "Motion for Leave to File Plaintiff Trece Meuth's First Amended Petition in Severed Action for Injunctive Relief," along with other motions, and incorporated the amended petition as her response to the City's second plea to the jurisdiction. Meuth's amended petition raised new factual allegations of affirmative acts by the City, added a claim for nuisance, and broadened the injunctive relief requested. A hearing was held on the City's second plea to the jurisdiction on February 26, 2018. After taking the matter under advisement, the trial court signed an order on March 8, 2018 granting the City's plea to the jurisdiction. Meuth filed a motion for reconsideration and/or new trial. She attached a transcript of the deposition of City Engineer Joe Ramos acknowledging the City's responsibility to address storm water within its right-of-ways and discussing the City's construction of a lift station across the street from Meuth's house which affected the flow of storm water toward the Property. The City filed a response urging denial of the motion for reconsideration and requesting the trial court to enter a final judgment dismissing all of Meuth's claims and expressly including her nuisance claim. On May 7, 2018, the trial court signed an order denying Meuth's motion for reconsideration/new trial and stating that, "Defendant City of Seguin's Second Plea to the Jurisdiction should be in all things granted including all causes of action including nuisance" and

"Final Judgment [is] entered for Defendant City of Seguin." The trial court made no express findings of fact or conclusions of law in support of its order granting the City's plea as to all of Meuth's causes of action. Meuth appealed.

ANALYSIS

Meuth argues the trial court erred in granting the City's second plea to the jurisdiction on the basis of law of the case because she amended her petition to allege affirmative, intentional acts by the City with respect to the drainage culvert and added a new claim and requested more injunctive relief, neither of which were addressed in *Meuth I*. In its appellate brief, the City maintains its position that Meuth's new claim for nuisance and her broadened request for injunctive relief are resolved by *Meuth I* under law of the case; therefore, the City is shielded by sovereign immunity from Meuth's claims.

### *Standard of Review*

Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Immunity from suit is properly asserted in a plea to the jurisdiction. *Id.* at 225-26. Because subject matter jurisdiction is a question of law, an appellate court reviews a trial court's ruling on a plea to the jurisdiction *de novo*. *Id.* at 226.

If a plea to the jurisdiction challenges the pleadings, the court liberally construes the pleadings to determine whether the plaintiff has alleged facts that "affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* If a plea to the jurisdiction challenges the existence of jurisdictional facts which also implicate the merits of the case, the court considers any relevant evidence submitted by the parties to determine whether a fact issue exists. *Id.* at 227. In doing so, the court takes as true all evidence favorable to the nonmovant, indulging every reasonable

inference and resolving any doubts in the nonmovant's favor. *Id.* at 228. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228. However, if the evidence creates a fact question regarding jurisdiction, the plea must be denied pending resolution of the fact question by the trier of fact. *Id.* at 227-28.

### *Applicability of "Law of the Case"*

On appeal, Meuth argues the law of the case doctrine does not apply because "the claims, pleadings, and facts are all different" than those addressed in *Meuth I*. First, Meuth points out that her original claim for injunctive relief was severed from the claims on which the City's first plea to the jurisdiction was granted; therefore, it was not addressed in *Meuth I* and is not controlled by *Meuth I*'s holding. Indeed, our opinion expressly acknowledged that Meuth's claim for injunctive relief was not before us. *See Meuth I*, 2017 WL 603646, at *1 & n.1. Second, Meuth notes that after *Meuth I* became final she amended her petition in the severed cause of action to add a new claim based on nuisance and to expand her request for injunctive relief to include both mandatory and prohibitory injunctions. Because these new claims were not yet pled at the time of *Meuth I*, she contends they cannot be governed by the law of the case. Finally, Meuth stresses that her amended petition includes new factual allegations of "affirmative, intentional acts" by the City with respect to the drainage culvert that were not present in the petition addressed by *Meuth I*. Meuth argues that law of the case simply does not apply to these new factual allegations and new legal claims.

The City's second plea to the jurisdiction rested solely on its assertion that *Meuth I* controls the disposition of Meuth's live claims in this cause of action under the doctrine of law of the case. "The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson*

*v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). In its second plea to the jurisdiction, the City relied on *Meuth I*'s holding that "any damage to Meuth's Property was ***caused by the City's refusal to repair*** the storm water drainage and culvert which is a governmental function" for which there is "no legislative waiver of immunity." *See Meuth I*, 2017 WL 603646, at \*2-3 (noting that sovereign immunity does not shield a governmental entity from a constitutional takings claim, but stating that a valid takings claim must allege an affirmative, intentional action by the governmental entity, not merely a failure to act) (emphasis added) (internal citations omitted). The City argued that the quoted holding from *Meuth I* was "Law of The Case [which] precludes plaintiff from pursuing an injunctive relief claim against the City of Seguin, as a matter of law."

The City made the same argument with respect to Meuth's nuisance claim, asserting it was entitled to governmental immunity on that claim because "the Court has already ruled that there was no takings claim, as a matter of law." *See Meuth I*, 2017 WL 603646, at \*4 ("Because Meuth's *takings claim is based on the City's failure to take action* with regard to the storm water culvert drainage pipe, the trial court properly granted the City's plea to the jurisdiction with regard to this claim."). The City relied on *Harris County Flood Control District v. Kerr* for the principle that resolution of a takings claim is equally dispositive of a nuisance claim absent the plaintiff's invocation of a separate waiver of governmental immunity. *See Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 795 n.1 (Tex. 2016) (stating, "because the homeowners had not invoked a separate waiver of governmental immunity in support of the nuisance claim, the claim was dependent on the takings claim in that the homeowners could only sue 'for a nuisance that rises to the level of a constitutional taking'") (quoting *City of Dallas v. Jennings*, 142 S.W.3d 310, 312 (Tex. 2004)). The City asserted that, under *Kerr*, because Meuth did not allege a separate waiver of governmental immunity, her nuisance claim is "dependent on her takings claim" which was addressed and found invalid in *Meuth I*; therefore law of the case controls on Meuth's nuisance

claim. In sum, the City's only argument in the trial court was that Meuth's nuisance and injunctive-relief claims are barred under *Meuth I* pursuant to law of the case. The City carries those arguments forward on appeal.

The flaw in the City's law-of-the-case argument with respect to Meuth's current claims is that the legal holdings in *Meuth I* were based on different factual allegations. Law of the case only applies to questions of law, not fact, that were resolved in the prior appeal. *Hudson*, 711 S.W.2d at 630. When one or both parties amend their pleadings in the second trial or proceeding, the issues or facts may sufficiently change so that law of the case no longer applies. *Id.* That is precisely the situation here.

In addressing the takings claim pled in *Meuth I*, we relied on the Supreme Court's holding in *Kerr* that "only affirmative conduct" by a governmental entity will support a takings claim and "the law does not recognize takings liability for a failure to act." *Meuth I*, 2017 WL 603646, at *2 (citing *Kerr*, 499 S.W.3d at 799). We stated that, "[a]lthough Meuth attempts to phrase her claim as an intentional act, neither the annexation nor the permitting of the house resulted in her property being taken for public use" and "Meuth did not allege in her petition that the City constructed the storm water drainage culvert." *Id.* at *2-3. "Instead, the allegations in Meuth's petition are focused on the City's failure to take action to repair the storm water drainage culvert." *Id.* at *3.

Our legal analysis of the takings claim in *Meuth I* was based on the factual allegations in Meuth's petition as it existed at the time — allegations of inaction by the City, i.e., its failure to "repair the property by filling in the culvert, replacing the lost soil, and building a new drainage culvert in a location with a legal easement." *See Meuth I*, 2017 WL 603646, at *1, *3-4 (stating Meuth's takings claim was based on the City's "failure to take action with regard to the storm water culvert drainage pipe" and inaction cannot give rise to a taking). Before the trial court's ruling on the City's second plea to the jurisdiction, Meuth amended her petition to add new factual

allegations of affirmative, intentional acts by the City in support of her broadened request for injunctive relief and claim of nuisance. In her amended petition, Meuth now alleges that the City of Seguin "created," "designed," and "constructed" the concrete curb and drainage inlet that connects to the drainage pipe culvert that runs underneath her house, and "designed" and "installed" a drainage system for public use which funnels rain water from the subdivision streets into the concrete drainage inlet connected to the drainage pipe underneath her Property. Meuth also raises a new allegation that the City constructed a lift station across the street from her house and that the elevated concrete pad of the lift station has increased the flow of storm water toward her Property.

Although the City now complains on appeal that Meuth failed to obtain leave to amend her petition, the City did not raise an objection to the amendment in the trial court. A party is generally permitted to amend its pleadings without obtaining leave at any time prior to seven days before trial, unless the amended pleadings operate as a surprise to the opposing party. TEX. R. CIV. P. 63. "A trial court has no discretion to refuse the amendment unless (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects to the amendment." *Gunn v. Fuqua*, 397 S.W.3d 358, 377 (Tex. App.—Dallas 2013, pet. denied) (citing *State Bar v. Kilpatrick*, 874 S.W. 2d 656, 658 (Tex. 1994)). The record here contains no objection or evidence of surprise or prejudice presented by the City to challenge Meuth's amended petition. Thus, the City has waived any objection to the amended petition.

Because Meuth's amended petition does not allege an independent waiver of governmental immunity, the viability of her nuisance claim depends on whether her amended petition sufficiently alleges a valid takings claim. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 592, 598 (Tex. 2001) (sovereign immunity does not shield a governmental entity from a takings claim).

To state a valid takings claim, Meuth must have alleged (1) an intentional, affirmative act by the governmental entity (2) that resulted in her property being taken (3) for public use. *Id.*; *Kerr*, 499 S.W.3d at 799. Liberally construing Meuth's factual allegations in the amended petition in her favor, we conclude she has sufficiently alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction over her nuisance and injunctive relief claims. *Miranda*, 133 S.W.3d at 226.

## CONCLUSION

Because the City's second plea to the jurisdiction was based solely on application of the law of the case doctrine which does not apply in view of the new factual allegations and claims raised in Meuth's amended petition, we reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

Liza A. Rodriguez, Justice